*21 • Opinion of the Court, by
Judge Ows’ley.
f.vTfMIS was an ejectment, brought in the circuit court % Üíe'.-present appellants, to-,recover from the appel-lefesrfhe possession of a tract of land in the county of
A man may ed possession of land for 7 oufaotual ro" sidencethere-on; but such possession will not bring him within tío°nPof the 7 years’ limita-ition act. 1 al*'' 2^Litt Rep. 160, 3" Lift. Rep. 4461
, , The appellants claim the land uiplpr their, deceased ancesíorSJ John May, John ÍSannistéjr,' Ke,non'Jones, Thomas Snore and ..Christopher .yM’Corfxfioó; ■ and ón the trial in,the circuit court, introduced in evidence a patent which issued from the commonwealth, of Yir-in 1787,' to their said ancestors, and produced de^4tij¡psses.conducing to prove that the patent covered ,the land,in contest; that the defendants resided oh the ^’anc* ai: commencement of this suit, and that the pa-ten tees had all previously departed- this life, leaving the appellants their legal heirs and representatives. ,
' rFhe appellees claim the land under a patent which, issued from this state, in the year 1800, to Jacob Funk;, and on the trial in the circuit court, produced in .evidence the patent to Funk, a deed from two of the heirs, Dunk to Bentfom Shaw, bearing date in 1803; st-deed from Shaw to John Swearing, of subsequent date, fought in the same year, and a written agreement bear,*nS date in 1,8,20, entered into between E)avid„Swepr-ingi one of the children of John Swearing, and,;|he apr ..pqilee, Edward Jones,¿in which agreement the said-D¿vjd Swearing stipulated to convey to the said Jones, 3il the right and title oí his deceased father, .John Swearing, to the land now in contest. The appellees! ^en introduced witnesses, conducing’ to prove the death of the patentee, Funk, and that the persons who made the conveyance to Shaw,’ were his legal represen-tatiyes; and also proved the death of John Swearing, David Swearing, who entered into the agreement with the appellee, Jones, is^one among eight children of the said John, all of whom are still living.
^he aPPe^ees, moreover, rely upon a continued adverse possession by them and those under whom they claim, for upwards of twenty years before.the corn-mencement °f the suit against them; and introduced witnesses conducing to prove that John Swearing,, the father of David Swearing, settled upon the land about twenty-three years before the trial in the circuit court, and that he continued to reside thereon until bisd'eaifif that David' Swearing, who is one of the children-of John, continued to reside on the land from the tipie of his father’s death until about four or five years, before the trial, and then removed from the land; that after David Swearing had left the land, a certain Leezer settled, thereon, and continued there to reside until the appél- *23 .lee, Coonrod, removed upon tlie land. It was' p'f oye.d,;, that'• t‘heiJan(d•; remai i}„e,d yaca^t? foj^d'ne ' (^f.ars-,aíte,r<p(5.vrd^Swe<4pi‘r!glleñ-'i’,ti .’beifdre’rilifeypo'síiéíi-; sien was tapen'h,jC'Leez^r.;l^/?■' ^ V<M ■'
Ope -witijess', foofeover,*'proved>5that'-aft^r.LeezeKfefi>'< the land,;he said that he, had'occupied'it'under contract óf purchase, ^which^hp^had .made¡/vrith& B%iyiájfer'_ Swearing.; but finding'he was unable to mate the psÉ» monís, he had cancelled the contract, and giveipiip tiat^ possession of the land. ,The witness also stated íhát-he fi heard similar confessions from Swearing also.
%To so much of the. foregoing evidence; as rebates* tof the,.confessiqns and statements of LeGZer and^§;^ea.pi>tlgv . -tfi^counsel for the. appellants objected;.as*.bqi$g/incom- ' pefent; but th.e objections were overruled, and'th'e eVF, drépfe’pqfmittedfp godo the jury. .• ..
'Afte|j.thc''evLdence was 'gone through on both sidtesy tho cqurt.w.as moved by the appellants, for. various, ibte stfucfiQnk.to the jury; but the motion was overruled’^ another-instructions given. \ 1
ijpryd|iRct was found by the jury in favdr of the ap-, pg'lipe^nd judgment thereon rendered against the ag-,V peflanfs’. ■' ■' ;■ -;V.
'With respect to the decision ofithe circuit court ifp overruling .the objections taken by the appellants, tojthe ’ evidence, the principle is not perceived upornwhicji it-' can’hfe sustained. To bring themselves within the op-i eration of the. statute of limitations, it was unquestiona1-bly in.e.ufnb.cnt,.on¿ the appellees to prove a'continued. possession -;of the land, for the lapse of time prescribed ^ fey..thd statute; and,it|is presumed that it was for that, purpóse the ^witness was called to prove the statemen|s-ofJLeezer, after he, had abandoned the possession,, as as. those of Swearing, Foralthough the .witness despot, in express language, say that either Leezer or Stewing stated the possession to have been continued; „■ yetyps.it had been proved by others, that the lpnd had ,■ beeippreviously possessed by Swearing and his father, for nfany years prior to Swearing’s removing from the • }ajjd, it may have been rationally supposed, that proof of Leezer having obtained the land under a contract < with Swearing, would repel the presumption of Swear-*, ing’s having abandoned the possession, which might,. and probably would have been urged, from the fact of Swearing’s having removed from the land and left it » vacant.
*24 But whilst the,propriety of the appellees’ proving thé facthf Leezier’s having obtained,.tfee^)ossession of the land under a contract with'S.Wearirig,;is conceded, néi-ther-the confessions nor statements of Leezer of Swearing, after the'possession was abandoned by Leezer, can ,be admitted competent for that purpose. If those statements and confessions ha¡d been made whilst Leezer ‘Vas in the actual occupation of the land, they would, no doubt, have been competent evidence. They would ' then have formed part of the res gesta, and be properly admissible for the purpose of illustrating the true character of the possession. But the statements atjd confessions which the witness proved, were made after Leezer had abandoned the possession, and not whilst he -was in possession. The statements and confessions, therefore,,related to, and were designed to prove antecedent facts, the existence whereof, according--;to the .established rules of evidence, ought to have b(een proved by witnesses conusant of those facts, and not by evidence of what they may have been heard to say; when •not on oath. .
,. It follows, therefore-,$that the judgment must'be' reversed; bulas the cause must be remanded to the court below, for further proceedings, it may not be improper to remark, that iwe are of opinion that the instructions which were givdn by the court to the jury, do not strictly accord with What we suppose to be the correct doctrine of the law. Conceding that the appellees showed inevidence a sufficient title to bring them within the operation of the statute of limitations, of February 1809, when united to such a possession as is required by the act, stiil we should entertain the opinion, that the cou,rt erred in instructing the jury to find for the appellees, if they were of opinion, from the evidence, that the appel-lees and those under whom they claim, had been in the continued possession of tide land for seven years next before the commencement of this suit, under the title produced; for there may have been a continued possession of the land for seven years, without an actual residence thereon during that time; and according to the most obvious import of the act, there must have been ‘an actual residence on the land in contest, for the time prescribed in the act, to authorise the jury to find for the appellees, under the operation of the act.
*25 - ' The jcfdgj4entmiu§t'b£. revised, ■fiamanded■toThcreMfrbélo'W. ;atid' fúr feffeJlRroceeding-s fepf,.fi%lfñot'Hlconsit8ir'wulCüiis,;(5,p'iñion. -jiü'