THE EAGLE FIRE COMPANY vs. LENT and others.

A conveyance made by an infant is voidable only ; and the avoidance of it is a personal privilege.

The act of avoidance of a deed executed by an infant, must be as solemn and notorious as the making of it.

Four persons, of whom two were infants, conveyed real estate to M. in fee. M. mortaged the whole to the complainants, and then sold (subject to the mortgage) to C. The latter got one of the infants, on coming of age, to release to him. Upon a bill filed by the complainants for foreclosure and sale, C. set up that M. had only a right in half the property at the time of the mortgage, because of the infancy of two of the grantors : *Held*, that the mortgage was a valid security upon the share conveyed by the infant, whose subsequent release was a confirmation of the title under which the mortgage had been given: and that the mortgage was also good against the remaining share until the other infant should do something in avoidance of the deed.  But the master was to give notice of the situation of the title at the time of sale.

THE bill in this cause was filed to foreclose a mortgage ; and *February* 21, the question before the court was, as to the extent of title 1832. in the mortgagor at the time of granting it, in consequence *Title.* of the infancy of two of the persons who had conveyed the *Deed of Infants.* premises to him.

On the thirteenth day of March one thousand eight hundred and twenty-seven, the complainants loaned to Jacob I. Maybie a sum of money, and to secure the repayment with interest, they took from him his bond and a mortgage in fee of a house and lot Number 52 Thompson street in the city of New York. Maybie was, at the time, in possession and appeared as the owner.

This mortgage was duly acknowledged and recorded on the fifteenth day of March one thousand eight hundred and twenty seven.

Subsequent to the mortgage, there were sundry transactions of Maybie's in relation to the property; and, finally, on the fourteenth day of February one thousand eight hundred and

*1832.*

EAGLE FIRE
COMPANY
*v.*
LENT.

twenty-eight, the defendant, Garret Cozine, became a purchaser of the mortgaged premises from Maybie. He took a deed of conveyance from the latter, subject to the mortgage of the complainants. (This was so expressed in the deed.) Cozine went into possession under it.

In the month of July one thousand eight hundred and twenty eight, the complainants filed their bill to foreclose the equity of redemption and for a sale of the mortgaged premises. There was an allegation in the bill of Maybie's being seized in fee of the whole of the premises at the time of executing the mortgage.

The defendant, Cozine, in his answer, denied that Maybie was seized of any more than an undivided moiety of the premises; and averred, that at the time the mortgage was given, he had title to but one half, the other half belonging to Henry Evesson and Benjamin Evesson, who were infants under the age of twenty-one years. This defendant also alleged, that although he took a deed from Maybie for the whole and subject to the mortgage, yet he submitted it was only liable to the same so far forth as Maybie had title; and that afterwards, when Henry Evesson arrived at age, the latter granted and conveyed to this defendant his right and title in and to the mortgaged premises in fee simple absolute, and under which he claimed to hold a portion, at least, of the premises free from the mortgage.

No evidence had been taken in the cause showing the particulars of Maybie's title when he gave the mortgage, but the admissions of counsel upon the hearing supplied the following facts, namely, that one Benjamin Evesson died seized of the premises in question, and by his will devised the same to his four children in fee, as tenants in common; and that they granted and conveyed the property, by a deed of bargain and sale in the common form, to Maybie; two of them, however, being at the time under the age of twenty-one years.

Mr. *S. Boyd,* for the complainants.

Mr. *W. S. Johnson,* for the defendant Cozine.

THE VICE-CHANCELLOR. The question in this case is, whether, between the complainants, as mortgagees, and the defendant Garret Cozine, as grantee of the equity of redemption, the alleged defect in the title of the mortgagor can be set up to prevent a sale of the entire premises?

1832.

EAGLE FIRE
COMPANY
v.
LENT.

*May* 14.

It is insisted, that only an undivided moiety can be sold, for the other cannot be bound by the mortgage, being founded upon a title derived from infants. Whether this be so or not depends upon another question: whether the deed of bargain and sale from the infants is to be regarded absolutely void or voidable only? The decision in (a) *Zouch* v. *Parsons*, 3 *Burr*. 1794, recognizing the law as laid down by Perkins, sec. 12, goes to establish the position, that such a conveyance is merely voidable; and the doctrine of that case, although impugned, has never been overruled, but, on the contrary, has been acknowledged good law in this country; and, as has been observed by Chancellor Kent, is not now to be shaken: 2 *Kent's Com.* 236, 2d ed.

Taking it then to be settled law, that the deed, as respects two of the grantors, was voidable and not absolutely void, it requires some act to be done by the infants for the purpose of avoiding the deed and rendering it inoperative. The avoidance of a deed in such a case is a personal privilege which belongs to the infant, to be exercised for his own benefit either during infancy or after he comes of age; and if he be dead, those only who legally represent him can interfere. The act of avoidance may be by entry (which is necessary where the common law mode of conveyance by feoffment and livery has been used) or by any other mode of making known his dissent in as solemn and notorious a manner as the act sought to be disaffirmed was performed. Thus, where an infant has conveyed by bargain and sale, a second deed of bargain and sale, being equally solemn and notorious, is sufficient to disaffirm the first: *Jackson* v. *Carpenter*, 11 *J. R.* 539; *Jackson* v. *Burchin*, 14 *Ib.* 124.

---

(a) See an able criticism of this case in the *English Law Journal* for 1804, p. 145; and a review of it in the *American Jurist* for October, 1832.

One of the infants, it appears, executed a second deed after he came of age: but, was it in avoidance or affirmance of the first? It was made, not to a stranger, but to the party who had entered into possession claiming title, and who actually held under the first deed, subject to the mortgage. Instead, therefore, of avoiding the first deed, it appears to me it was intended and is to be regarded as a direct confirmation of it. There is no averment to the contrary in the answer of the defendant, Cozine, nor any fact or circumstance to induce the belief that the infant ever intended to disaffirm the deed he had joined in making to Maybie. It does not appear he exacted or that Cozine ever gave or was required to give any money or other new consideration for the second deed; but we are left to infer, and I think it a fair conclusion, that the defendant, Cozine, being entitled to the whole equity of redemption in the mortgaged premises and in possession, applied to one of the two infant grantors after he came of age, and obtained from him a further grant or release of his interest in the premises by way of confirming the title which Cozine already held. This, of course, strengthened the mortgage.

I am clearly of opinion that it remains a valid security upon this undivided share or portion of the property: *Lynde* v. *Budd*, 2 *Paige's C. R.* 191.

Then, as regards the other infant and the share to which he was entitled? Nothing appears to show a dissent or the doing of any act in avoidance of the deed. Until something to this effect is done by him, the title must be deemed sufficient to support the mortgage upon that portion of the estate also. A foreclosure and sale may not give a perfect title to a purchaser as against this one of the grantors, since he is not a party to this suit and he may yet, perhaps, take measures to avoid the conveyance: but this forms no obstacle to a decree for a sale of the entire property, subject to that contingency.

I shall decree a sale of the whole of the premises; the master is to make known, at the time of the sale, this possible defect in the title as respects one of the infant grantors; and the purchaser must take the risk of it (unless the difficulty shall be

removed in the mean time.) This appears to be the proper course: *M'Gown* v. *Wilkins*, 1 *Paige's C. R.* 120.

The complainants are to be paid their principal, interest and costs out of the purchase money; and the surplus, if any, is to brought into court—saving the defendants' rights therein.