ALONZO C. YATES et al., Respondents, v. CHARLES L. LYON, impleaded, etc., Appellant.

An assignment for the benefit of creditors, made by copartners, is not fraudulent and void in law, because one of the assignors is an infant.

If voidable, it can only be avoided at the election of the infant, and where he has ratified it after his coming of age, no fraud, in fact, can be claimed because of the infancy.

*Yates* v. *Lyon* (61 Barb., 205) reversed.

(Submitted May 27, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiffs entered upon the report of a referee. (Reported below, 61 Barb., 205.)

This action was brought by plaintiffs, as judgment creditors of defendants David Welch and William Welch, who composed the firm of D. Welch & Son, to set aside a general assignment for the benefit of creditors made by said defendants to defendant Lyon.

It appeared upon the trial that at the time of making the assignment David Welch was an infant, nineteen years of age. The referee found this fact, and also that a debt of sixty-nine dollars and thirty-nine cents to one Darius Welch was provided for, which debt, in fact, had no existence, and thereupon that the assignment was made to hinder, delay and defraud creditors, and was fraudulent and void as to them.

Further facts appear in the opinion.

*E. G. Lapham* for the appellant.    The assignment was not void, because one of the parties was a minor.    (Story on Part. [5th ed.], §§ 7, 101 ; *Welles* v. *Marsh,* 30 N. Y., 344–351 ; *Gillett* v. *Stanley,* 1 Hill, 121 ; 1 J. Cas., 127 ; 17 Wend., 119 ; 6 J. R., 257 ; *People* v. *Mullin,* 25 Wend., 698.)

*Wm. C. Ruger* for the respondents.    The assignment was fraudulent because one of the assignors was an infant.    (21 How. Pr., 384 ; Burr. on Assnmts., 228 ; *Welles* v. *Marsh,* 30 N. Y., 344.)    The referee properly held that the suit of *Lyons, assignee, etc.,* v. *Yates et al.* was not a bar or estoppel to this action.    (1 Greenl. Ev., § 530 ; 11 Tiff., 63 ; 5 Barb., 469 ; 2 Hill, 478, 480 ; *Sweet* v. *Tuttle,* 14 N. Y., 465 ; 52 Barb., 237.)

REYNOLDS, C.    It is entirely apparent that the objection relied on by the plaintiffs to invalidate the assignment of David Welch & Son, as fraudulent, was the fact of the infancy of William Welch one of the assignors at the time of its execution, and this appears to have been the sole ground upon which the Supreme Court sustained the judgment in favor of the plaintiffs.    The course of reasoning by which this result was reached seems to have been, that as the deed of an infant is in general either void or voidable at his election, the assignment did not devote the property of the debtors absolutely to the benefit of the creditors of the assignors, under a very familiar rule, when properly applied, that the debtor can make no reservation which shall enure to his benefit until at least the claims of all his creditors are satisfied. We have no difficulty in approving the rule stated but do not agree to its application to a case like the one at bar.    It applies more especially to cases where the obnoxious reservation appears upon the face of the assignment.    In this case the assignment did not disclose the infancy of William Welch, and the fact is made to appear *aliunde,* and when the assignment is assailed as invalid by reason of the infancy, it also appears that William Welch had reached his majority and

had not repudiated but confirmed his deed.    It seems there-
fore improper to hold that the assignment was fraudulent in
fact by reason of the infancy of William Welch at the date
of its execution.    We are, however, prepared to say that the
assignment was not fraudulent and void in law, because one
of the assignors was at the time an infant.    He had been, with
his father, during a part of his minority a member of a mer-
cantile firm, which had reached insolvency.    It cannot be
doubted but that the law would devote the assets of this firm
to the discharge of the partnership obligations, whenever any
court, should be appealed to for that purpose, and I do not
see that the supposed equity of an infant partner should in
such a case prevail against that of the creditors of the firm.
It is entirely well settled that as to joint debtors, the creditor
may bring suit against all, and service upon any one will entitle
him to judgment and execution against the joint property of all
whether the party not served is an infant or an adult.   (*Mason
v. Denison*, 15 Wend., 64; S. C., 11 id., 612.)   We see no sub-
stantial difference whether, in such a case, the property of
the firm is subjected to the payment of the proper debts of
the firm by the process of the law, or by the voluntary act
of the insolvent debtors.   In either case the result is precisely
the same, and the infant is bound if he simply says nothing.
If in any such case the defence of infancy is to be made, it
must be made very distinctly by the infant himself, and it is
not for any court, in such a case, to make it for him.   It is
not too much to say that if an infant goes into a mercantile
adventure which proves unsuccessful he ought, at least, to
be held so far that the assets acquired by the firm should be
applied to the payment of the debts of the concern.   If he
has been cajoled into any waste of his capital it hardly seems
equitable that the creditor of the firm should, either directly
or indirectly, be called upon for reimbursement.   The utmost
exemption that he ought to claim in such a case is, that he
should not be made personally liable for debts beyond what
the assets of the firm are able to pay ; and even then the
infant himself should claim the exemption.

If the assignment was merely voidable it is entirely clear that it could be avoided only at the election of the infant, and that election could not be made until he came to be of full age, and at that period he fully ratified and confirmed it. And it appears to be the law that an infant may make over property, upon trust, by any act of assurance, and it is not void but voidable only; and the estate of the trustee will remain good until the assurance be avoided. (Hill on Trustees, 45; *Hearle* v. *Greenbank*, 1 Vesey, Sen., 304; Co. Litt, 248 *a;* 2 Kent Com., 234; *Eagle Fire Ins. Co.* v. *Lent*, 1 Edw. Ch., 301, etc.; S. C., 6 Paige, 635.)

It is claimed, however, that the assignment was fraudulent and void as to creditors for other reasons than the infancy of William Welch, although it is entirely obvious that the case was disposed of in the Supreme Court upon the ground of infancy alone. I have been unable to discover any ground for this claim unless it rests upon the finding of the referee that a debt of sixty-nine dollars and thirty-nine cents was provided to be paid to David Welch out of the proceeds of the assigned property, which debt had no existence in fact, as the assignors knew. I have examined the evidence with considerable care, and discover nothing to authorize any such finding; and the motion for a nonsuit raises the question whether, in law, the finding is supported by the evidence, and we are of the opinion that it is not.

These views lead to a reversal of the judgment of the Supreme Court, and the ordering of a new trial, with costs to abide the event.

All concur in result, on ground that assignment was not fraudulent and void on account of the infancy of one of the assignors, and that there was no other evidence of fraud.

Judgment reversed.