DANIEL E. SOPER v. GEORGE W. FRY.

*Assignment by Infant—Confession of Judgment does not Bind an Infant Partner.*

Exceptions to rulings on the admission of evidence can be reviewed on case made as well as on bill of exceptions.

An infant cannot in his own name confess judgment.

Partners have no implied authority to confess judgment for each other.

An infant's assignment is not void but only voidable, and that only by the infant or some one in his right.

Only he who has rights in or to property can lawfully disturb another's peaceful possession.

A judgment confessed by an infant's partner in the name of the firm is void and will not support an attachment as against a previous assignee of the goods attached.

Case made from Newaygo. Motion to dismiss submitted June 6; decided June 6. Case submitted on briefs June 20; decided October 2.

PER CURIAM. Motion to dismiss a case made on the ground that only questions of evidence were involved, and this court could not review cases on the facts. It appeared however that there were exceptions to the rulings of the court on the admission and rejection of evidence.

*Held* that these were as properly reviewable on case made as on bill of exceptions.

Motion denied.

TRESPASS on the case. The facts are in the opinion.

*Albert G. Day* for plaintiff. The doctrine that an assignment for the benefit of creditors can only be attacked by judgment creditors (*Millar v. Babcock*, 29 Mich., 526; *Hastings v. Belknap*, 1 Den., 190–8; *Henriques v. Hone*, 2 Edw. Ch., 120–5; *Lawton v. Levy*, Id., 197–200) applies to creditors who have secured a valid judgment. *Beach v. Botsford*, 1 Doug. (Mich.), 199. But an assignee for the benefit of creditors may attack the judgment on which a creditor relies. *Nichols v. Kribs*, 10 Wis., 76. One whose right is affected by a wrong judgment which he cannot bring error to reverse, may prove it erroneous or void in any suit in which its validity is questioned. *Pond v. Makepeace*, 2 Met., 116; *Pierce v. Strickland*, 26 Me., 277; *Sargent v. Salmond*, 27 Me., 541; *Hess v. Cole*, 3 Zab., 116; *Central Bk. of Georgia v. Gibson*, 11 Ga., 453; *Steen v. Steen*, 25 Miss., 518; *Towns v. Springer*, 9 Ga., 130; *Mobley v. Mobley*, 9 Ga., 247; *Beverly v. Burke*, 9 Ga., 440; *Vose v. Morton*, 4 Cush., 27; *Sherrard v. Nevius*, 2 Cart. (Ind.), 241; *Camden v. Mulford*, 2 Dutch., 49; *Thatcher v. Powell*, 6 Wheat., 119. A judgment obtained on a warrant of attorney signed by one partner in the firm name and in the absence and without the knowledge of his co-partner, is absolutely void. *Remington v. Cummings*, 5 Wis., 138; *North v. Mudge*, 13 Ia., 496; *Shedd v. Bk. of Brattleboro*, 32 Vt., 709; *Christy v. Sherman*, 10 Ia., 535; *Edwards v. Pitzer*, 12 Ia., 607; *Crane v. French*, 1 Wend., 311; Collyer on Partnership, § 469, n. 4 and cases. But a partner's infancy does not make his assignment fraudulent and void as to creditors. *Yates v. Lyon*, 61 N. Y., 344; *Holmes v. Blogg*, 4 Eng. C. L., 252; 2 Eden, 72; Wilmot's Notes, 226.

*Gray & Luton* for defendant. One partner cannot make a valid general assignment without his co-partner's consent

if he is present and can be consulted. *Kirby v. Ingersoll*, Har. Ch., 172; 1 Doug. (Mich.), 477; *Welles v. March*, 30 N. Y., 351. An assignment is not valid if it does not place the creditor's right beyond the future control of the assignors. *Pierson v. Manning*, 2 Mich., 455; *Sheldon v. Dodge*, 4 Den., 217; *Hyslop v. Clarke*, 14 Johns., 458; *Wakeman v. Grover*, 4 Paige, 41; 11 Wend., 187. Therefore an infant partner's assignment is void. *Fox v. Heath*, 21 How. Pr., 384; *Yates v. Lyon*, 61 Barb., 205: reversed, 61 N. Y., 344; Bump's Fraud. Conv., 355. An infant's conveyance, if against his interest, is void. *Wellborn v. Rogers*, 24 Ga., 558; *Ridgeley v. Crandall*, 4 Md., 435. So is his power of attorney to sell land, *Fonda v. Van Horne*, 15 Wend., 636; *Lawrence v. McArter*, 10 Ohio, 42; *Pyle v. Cravens*, 4 Littell, 21; and his warrant of attorney (*Knox v. Flack*, 22 Penn. St., 337) acts done under which cannot be legalized by ratification. *Waples v. Hastings*, 3 Harr. (Del.), 403; Tyler on Infancy, 48. An assignment cannot be revoked by the assignor even with the assignee's consent. *Hall v. Denison*, 17 Vt., 310; *Ward v. Lewis*, 4 Pick., 522.

COOLEY, C. J. The plaintiff in this case brings trespass for the taking by defendant of certain personal chattels from his possession and control. It seems to be conceded that these chattels had formerly belonged to the firm of Carter & Minkler, composed of Charles K. Carter and Asa E. Minkler. The plaintiff claimed them under an assignment made to him by the firm of Carter & Minkler in trust for the benefit of creditors, and he appears to have obtained full possession of them under this assignment. The defendant claimed to hold them under an attachment sued out of the circuit court for the county of Newaygo against the property of Carter & Minkler as fraudulent debtors, by virtue of which the goods were taken from plaintiff's possession. The assignment bore date May 22, 1875, and there was evidence tending to show that Minkler was then an infant, and did not become of age until August 4, 1875. The circuit judge ordered judgment for defendant, on the ground that the assignment was void because of Minkler's infancy.

We should say that it was very plain the assignment could not be held absolutely void because of the infancy. If not entirely valid, it would at most only be voidable, and could be avoided only by the infant, or by some one entitled to stand upon his rights.   If plaintiff was in possession of the goods by authority of the infant, he would be entitled to protect the possession against the action of any mere wrong-doer.   This is too plain for argument.   Only one who has rights in or to property can lawfully disturb the peaceful possession of another.

It seems therefore necessary to consider whether defendant established any rights under the attachment.   The writ was issued June 4, 1875.   It is not shown that it was personally served.   On the fourteenth day of June, 1875, Carter, in the name of Carter & Minkler, signed a paper entitled in the attachment cause, in the following words: "We the above named defendants hereby authorize James Barton our attorney herein, to consent to the taking of a judgment herein by the plaintiff, for the sum of two thousand one hundred and fifty-seven and 60-100 dollars."   It will be seen that the date of this instrument was previous to the time Minkler is said to have come of age.   Judgment was subsequently taken in the cause, and this paper, so far as the record shows, was the only authority upon which it was taken, and the judgment is the only evidence of indebtedness.

On this evidence it must be held that no defense whatever was made out.   The infancy of Minkler, instead of being a bar to the plaintiff's action, tended, on the other hand, to defeat the defense.   An infant cannot in his own name confess a judgment; *Saunderson v. Marr*, 1 H. Bl., 75; *Ashlin v. Langton*, 4 Moore & Scott, 719; *Bennett v. Davis*, 6 Cow., 393; *Knox v. Flack*, 22 Penn. St., 337. Still less could any implied authority arising from the relation of partnership warrant another in confessing it.   But partners who are adults have no such implied authority to confess judgment for each other.   Freem'an on Judgments, § 545 and cases cited.   It follows that whether the judgment was void or only voidable, as against the parties to it,

it could be no evidence of an indebtedness by Minkler, and therefore no protection to the defendant in disturbing a possession which was perfectly good as against any one who could not show a better right than that which Minkler, by giving quiet possession, could confer. And we doubt if the authority by Carter to confess judgment would be sufficient evidence that he was indebted as against one to whom he had previously assigned. We do not decide this, however, as the parties have not been heard upon it.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.