HENRY H. BUSH, next friend of RICHARD H. WEIR, and RICHARD H. WEIR by his next friend, HENRY H. BUSH *vs.* THOMAS J. LINTHICUM.

*Partnership—Bill for dissolution of Partnership and appointment of a Receiver, &c.—Plea of Infancy—Ne recipiatur—Non-liability of Infant as a Co-partner—Equity practice—How Infant may Sue and Answer—Irregularity in filing Plea of Infancy.*

A. and B. by written agreement, agreed to become co-partners in the business of a retail grocery and provision store. No time was specified in the agreement for the continuance of the partnership. After the partnership had continued, and the business had been conducted for some time, A. became dissatisfied in the conduct of B. his partner, and filed a bill for the dissolution of the partner-

Bush, &c. *vs.* Linthicum.

ship, the appointment of a receiver to take charge of the partnership assets, and to apply the same to the discharge of the partnership debts, and also for an injunction to restrain B. from collecting or disposing of the assets, or contracting debts on account of the firm. An order granting the injunction and appointing a receiver as prayed, was passed. Shortly thereafter the defendant filed his answer under oath, in which he admitted the partnership, but denied all the charges of the bill as to his misconduct, and made counter-charges against the complainant. To this answer the complainant filed a special replication. At this stage of the case, the defendant, by next friend, and by way of rejoinder to the complainant's replication, interposed the plea of infancy, and charging that the complainant was therefore not entitled to maintain the suit against him, prayed that the bill be dismissed. Upon the filing of this plea, a motion of *ne recipiatur* was made by the complainant, to which the defendant demurred. The demurrer was overruled. On appeal from the order overruling the demurrer, it was HELD:

1st. That the plea of infancy was no bar to the dissolution of the partnership, the granting of the injunction, and the appointment of a receiver to take charge of, and wind up, the affairs of the firm by collecting the debts due to it, by taking possession of, and selling, its assets, and by applying the same to the payment of its debts.

2nd. That it was not competent, however, for the Court to pass a decree imposing any personal liability upon the infant defendant for the debts of the firm, or enforcing against him any of the terms or conditions of the partnership contract, or even compelling him to pay any of the costs of the proceedings.

Where an injunction has been granted and a motion to dissolve has been made, it is not usual to ask for, or for the Court to grant, leave to amend the bill.

Although an infant may become a partner, he cannot be held for contracts of the firm, individually, unless he affirms, or does that which amounts to an affirmance, after he attains his majority.

While an infant may sue by his next friend, he can only answer by guardian appointed by the Court; and such guardian will always be appointed upon petition of the infant in his own name.

*Semble.* The filing of a plea of infancy after an answer responsive to the whole bill, and setting up other matter in defence, and to which a replication has been filed, is irregular without first withdrawing the answer under leave.

APPEAL from the Circuit Court for Anne Arundel County, in Equity.

The case is stated in the following opinion delivered by Judge MILLER, in the Circuit Court:

"It appears from the proceedings in this case, that the complainant, Linthicum, and the defendant, Weir, on the 23rd of January last, signed an elaborate written agreement of partnership, by which they agreed to become co-partners in the business of a retail grocery and provision store, to be conducted and carried on in the city of Annapolis.

"It is not necessary, at present, to refer to the terms of this contract, further than to say, it specifies no time for the continuance of the partnership.

"After the partnership had continued, and the business had been conducted for some time, Linthicum became dissatisfied with the conduct of his partner, and on the 8th of May last, (1882,) filed the bill in this case, in which he made various complaints against his copartner, charging in effect, that owing to his mismanagement, the business had fallen off, and could not only be no longer conducted with profit, but that heavy loss would be the result of a longer continuance of the partnership.

"The bill then prayed for a decree, dissolving the partnership, and as ancillary to this relief, that a receiver be appointed to take charge of the partnership assets, and to apply the same to the discharge of the partnership debts, and also for an injunction to restrain the defendant from collecting or disposing of the assets, or contracting debts on account of the firm.

"It was apparent, from the averments of this bill, that the confidence which the law contemplates, should always exist between partners, had been broken up, and that there was nothing in the terms of the partnership articles, to prevent the complainant from dissolving the same at his will and pleasure.

"The Court thereupon, in accordance with the well-settled practice in such cases, and in the exercise of its conceded powers, passed an order granting the injunction, and appointing a receiver as prayed, reserving, however, the usual leave to the defendant to move for a rescinding of the order, and a dissolution of the injunction, upon filing his answer, and giving the usual notice.

" On the 13th of May, the defendant filed his answer, in which he admits the partnership, but denies all the charges of the bill as to his misconduct, and makes counter-charges of a very serious nature against the complainant. It is not necessary to set out at length the averments of this answer, because the question now to be decided, does not involve the merits of the controversy.

· "Upon the filing of this answer, the defendant entered a motion to dissolve the injunction, and for a revocation of the order appointing a receiver.

"To this answer the complainant, on the 18th of May, filed a special replication, in which, after denying the charges made against himself, he avers, among other things, that after it became known to the defendant, that these proceedings were about to be taken, he went to Baltimore, and wantonly and designedly purchased goods upon the credit of the firm, to several hundred dollars in amount, without the knowledge of the complainant, and with the purpose of defrauding him; and that immediately upon the arrival of these goods in this city, he sold them out for cash, at less than cost, has pocketed the proceeds of sale, and now refuses to pay the same over to the receiver. On the same day an order was passed, allowing the parties to take testimony, to be used upon the hearing of the motion to dissolve, and the revocation of the appointment of the receiver.

" Afterwards, on the 22nd of May, and before any testimony was taken under this order, the defendant, by next friend, and by way of rejoinder to the complainant's repli-

cation, interposed the plea of infancy, alleging that he was born on the 3rd of July, 1862, and charging that the complainant is not therefore entitled to maintain this suit against him. To this the complainant, on the 7th of June, entered a motion of *ne recipiatur*, upon the grounds:

"1st. That the defendant, having filed his answer to the bill, and not having alleged his minority in that answer, it is now too late to avail himself of such plea in rejoinder to the complainant's replication.

"2nd. Because, admitting that the defendant was not twenty-one years of age, when he entered into the partnership, and has not yet attained that age, still these facts will not, under the pleadings in this case, prevent the Court from granting the complainant relief.

"3rd. Because the defendant held himself out to the complainant and to the world, as of the age of twenty-one years, when the copartnership was formed, and the complainant believed that he was of full age, and that the complainant having been imposed upon by the fraud and deceit of the defendant, he will not now be allowed to take advantage of his own wrongful acts, and the Court should not therefore sustain his defence of infancy.

"The case has been argued upon a general demurrer by the defendant to this motion, and on the part of the defendant, it is strenuously insisted, that this plea of infancy is a flat and absolute bar to all the relief asked by the complainant in his bill, and that the same must be dismissed with costs, and the proceedings ended.

"To this proposition thus broadly stated and insisted upon, I cannot yield assent. I concede that the law casts its protection and guardianship around infants, as to all their contracts, except those for necessaries, and that it is not competent for the Court in this case to pass any decree, which will impose any personal liability upon the infant defendant for the debts of this firm, or enforce upon him any of the terms or conditions of this partnership contract,

Bush, &c. *vs.* Linthicum.

or even compel him to pay any of the costs of these proceedings. So far I agree that his infancy protects him, but I am clearly of opinion, that it is perfectly competent for the Court to decree a dissolution of the partnership, and to wind up its affairs through the medium of a receiver—that is, to collect the debts due to the firm, sell its assets, and apply the same to the payment of its debts. In doing this, no wrong is done to the infant, no executory contract is enforced against him, and he is thereby merely restrained from using his infancy as a means of doing injustice to, or perhaps, perpetrating a fraud upon, his copartner. If the Court has not the power to grant relief to this extent, then the adult will, in every case, be placed at the mercy of the infant partner. All the books upon partnership lay down the proposition that an infant may become a partner with an adult. It is a contract not absolutely void, but one which the infant may stand to or repudiate, at his election. While he remains a partner he has the rights and powers of a partner. He has equal right, with his copartner, to the possession of the assets of the firm, to collect the debts due it, and he has also the power to contract debts in the name of the firm, which though he may himself subsequently repudiate, and get rid of personal responsibility therefor, are still binding upon his copartner. Take then the case of an adult who has unfortunately entered into a partnership with an infant, who misrepresented himself at the time, to be of full age. After a short time both become dissatisfied, mutual confidence is destroyed, and each becomes odious to the other. The infant then knowing the security from responsibility which his infancy affords him, and at the same time availing himself of his powers as a partner, and seeking to defraud and injure his copartner, proceeds to get possession of the partnership assets to sell them, and to put the proceeds in his pocket, and goes on contracting debts which he knows he is not responsible for, but which

he also knows will work the absolute bankruptcy of his copartner. Is it possible that a Court of equity has no power, at the instance of the adult partner, to lay its hands upon such a concern, stay the consummation of his ruin, and release the tie which binds him to the body of such a death? In my opinion there is no such lack of remedial power in Courts of equity, and infancy cannot be availed of as a bar to such relief. If authority be needed in support of this position, it seems to me that it is abundantly sustained by the decision of the Chancellor in the case of *Kitchen vs. Lee,* 11 *Paige,* 107."

In accordance with, and accompanying the foregoing opinion, the Court passed the following order:

It is, thereupon, this 10th day of June, 1882, adjudged and ordered, that the plea of infancy filed in this case by the defendant, on the 22nd day of May last, be, and the same is hereby, overruled and rejected in so far as it is sought to be used as a bar to so much of the relief prayed by the bill as asks for a dissolution of the partnership, the granting of the injunction prayed for, and the appointment of a receiver to take charge of and wind up the affairs of the firm by collecting the debts due to it, by taking possession of and selling its assets, and by applying the same to the payment of its debts; and it is further adjudged, that the order of the 9th of May last, granting the injunction and appointing the receiver, be, and the same is hereby continued, until the further order of this Court.

From the above order the present appeal was taken.

The cause was argued before ALVEY, YELLOTT, STONE, ROBINSON, IRVING, and RITCHIE, J.

*Frank H. Stockett, Jr.,* and *Frank H. Stockett,* for the appellant.

The *sole* question to be decided by this Court is as to the *disability* of the defendant *to be sued, by reason of his*

*minority.* It will be noticed that there are no parties to this suit but the two partners, no interest involved but *theirs,* and no evidence that there are any creditors of the firm, or any other persons whose interest can be affected; and the question to be determined, is solely as between the complainant and the defendant.

On the case so presented, the Court below erred in not refusing all relief in the premises, and in not dismissing the bill as soon as the *minority* of the defendant was made to appear to the satisfaction of the Court.

It is a general principle, universally recognized, as well at law as in equity, that no person under the age of *twenty-one* years, is competent to make a binding contract, except for necessaries. *Story on Contracts, sec.* 104; 1 *Chitty on Contracts,* 141; *Bingham on Infancy,* 33; 2 *Kent,* 234, &c.; *Brawner vs. Franklin,* 4 *Gill,* 463, 470.

An infant is not bound even by his *deed.* 2 *Kent,* 234; *Bingham on Infancy,* 33; *Borsch vs. Parsons,* 3 *Burrows,* 1794; *Levering vs. Heighe, Adm'r,* 2 *Md. Ch. Dec.,* 81; *Cronise vs. Clark,* 4 *Md. Ch. Dec.,* 403; *Moale, et al. vs. Buchanan,* 11 *G. & J.,* 314; *Ridgely vs. Crandal and Wife,* 4 *Md.,* 435; *Whitney vs. Dutch,* 14 *Md.,* 457; *Monumental Buil. Asso. vs. Harman,* 33 *Md.,* 128.

A minor may become a partner, but as long as he is an infant, he incurs no liability, and cannot be made responsible for the debts of the firm. *Lindley on Part.,* 80.

And this, upon the obvious ground of his inability to bind himself by a contract, and does not require to be supported by any special authority. *Lindley on Part.,* 81. This would be the case, even if he falsely and fraudulently represented himself to be of age. *Lindley on Part.,* 81, *note* 1. And he may avoid the contract at his election, and disaffirm the partnership, or his liability, when he comes of age, or at any time before, if he chooses. *Lindley on Part.,* 81, *note* 1; *Ewell's Lead. Cases,* 96, *notes; 97, note* 1, *and the authorities there cited; Ewell's Lead. Cases,* 219, *and note* 1.

This irresponsibility of a minor for his contracts, is not broader, nor more clearly recognized, than is his *immunity* from suit, or from any proceedings at law or in equity, to enforce against him the compliance with any contract. The Courts do not recognize any liability on the part of a minor to bind himself, and do not furnish any remedy against him, except in cases of fraud, and then only in actions *ex delicto*.

The agreement or contract of partnership in this case, which, at the best, was voidable by the infant, became absolutely *void* by his disaffirmance. Was it ever known that a Court would administer a void contract? *Lindley on Part.*, 82 ; 1 *Chitty on Contracts*, 23 ; 2 *Kent*, 241 ; *Wilford Eq. Plead.*, 20 ; *Hoel vs. Ward*, 2 *Strange*, 972 ; *Deford vs. State, use of Keyser*, 30 *Md.*, 179.

The Courts will not enforce against *a minor*, even an executory contract, entered into *bona fide*, though he has received benefit under it. *Brawner vs. Franklin*, 4 *Gill*, 463.

This *immunity* of a minor from being sued, may be taken advantage of at any time, in the progress of the suit, precisely as an objection to the *jurisdiction* of the Court, or to the *capacity* of the plaintiff to sue, and by demurrer, plea or answer, or at the hearing, whenever his minority is made apparent. *Tartar, et al. vs. Gibbs, et al.*, 24 *Md.*, 324 ; *Story's Eq. Plead.*, secs. 75, 236, 237 ; *Lubé Eq. Plead.*, 112.

And *whenever infancy* is so made to appear to the Court, the bill should be dismissed. *Brawner vs. Franklin*, 4 *Gill*, 469.

The learned Judge in delivering his opinion, relies on only one authority, viz., *Kitchen vs. Lee*, 11 *Paige Ch. Rep.*, 107, to justify the Court in *retaining* a suit against *a minor*. That is not a case against *a minor*, but against one who had attained his *majority*, and was *then* seeking to consummate a fraud, which he had commenced during minority.

Nor is either one of the cases referred to by the Chancellor in that decision, 2 *Paige*, 191; 1 *Dana*, 45; 4 *McCord*, 241; 15 *Mass.*, 359, cited as authority for proceedings against *a minor;* for the three first are against *adults*, and in the case, in 15 *Mass.*, it is conceded, that no suit could be maintained against a minor, and the replevin against him for goods wrongfully held by him was dismissed, and after *his death* a replevin was commenced against his administrator, for the goods which had come into the hands of such administrator.

*John Ireland*, and *James Revell*, for the appellee.

The articles of agreement do not limit the duration of the partnership, and we suppose it will not be denied that "where the contract neither expressly, nor by inference, limits the duration, the partnership may be terminated at a moment's notice by either party." *Cranshaw vs. Waull*, 1 *Swanston*, 508.

And further, that "a Court of equity will dissolve a partnership, where it appears that the business cannot be carried on according to the true intent and meaning of the articles of copartnership, although one partner objects to the dissolution." *Baring vs. Dix*, 1 *Cox*, 213.

The Court was correct in allowing the motion of *ne recipiatur* to the plea of infancy:

1st. For the reasons assigned for said motion.

2nd. Because if such a plea were allowed as a bar to the relief prayed for, under the peculiar circumstances of this case, the grossest injustice could be done to one innocent party, under the sanction of the law, and "the adult would, in every case, be placed at the mercy of the infant partner."

3rd. Because under the terms of the copartnership, either party had the right to terminate the same at his pleasure, and it would be absurd to say, that because one of said parties happened to be an infant, which the law

permits, and said infant refuses to agree to a dissolution and a settlement, or even a compliance with the terms of the agreement, that a Court of equity could not interfere. *Kitchen vs. Lee,* 11 *Paige,* 107.

4th. If an infant forms a partnership with an adult, he holds himself forth to the world as not being an infant, and thus practices a fraud upon the world. *Gibbs vs. Morrill,* 3 *Taunt.,* 307; *Kemp & Buckey vs. Cook,* 18 *Md.,* 138; *Herman's Case,* 33 *Md.,* 128.

IRVING, J., delivered the opinion of the Court.

The appellee having filed a bill for the dissolution of the partnership between himself and one Richard H. Weir, the case proceeded to answer and replication; and then an order to take testimony upon the motion to dissolve the injunction, and discharge the receiver, who had been appointed at the granting of the injunction. At this stage of the case, the defendant, who had answered under oath, and appeared by a solicitor, interposed, through the appellant his next friend, a plea of infancy, and prayed that the bill might be dismissed. Upon this plea being filed, a motion of *ne recipiatur* was made and filed by the complainant, to which the appellant demurred; and the demurrer having been overruled, appeal was taken. The sole question, therefore, is, was the Court right in overruling the demurrer and rejecting the plea of infancy, to the extent expressed in the order of the tenth of June, 1882, appealed from?

The facts of the case are so fully set out in the opinion of the Circuit Court, which we adopt, that it is useless to re-state them. The reasoning of the Court, in support of the order passed, is so cogent that we can add nothing to its force, and shall rest our affirmance mainly upon the ground taken in that opinion. By the demurrer to the motion and reasons assigned, the defendant admitted the facts stated in the third reason, that the complainant had

Bush, &c. *vs.* Linthicum.

no knowledge of the defendant's minority, and had been deceived by his representations that he was of full age. Had the complainant discovered that the defendant had so deceived him, before filing his bill, he could and would have made that allegation as an additional ground for the Court's interference, and it would have justified the relief prayed for. The fact that he did not, upon the interposition of the plea, ask leave to amend that he might so charge, cannot operate to his prejudice. Where an injunction has been granted and a motion to dissolve has been made, it is not usual to ask for, or for the Court to grant leave to amend; and the reasons are so obvious we need not give them. The plea interposed new matter, infancy, by way of defence, but the plea does not aver that the complainant had knowledge of it, and entered into the partnership notwithstanding complainant's motion sets up the want of knowledge and the defendant's deception as reasons against receiving the plea; and the demurrer, as we have already said, concedes the facts so set up. Upon the demurrer the matter was considered, as if the complainant instead of filing his motion, that the plea be not received, had replied alleging the facts stated in the third reason assigned for the motion, and the defendant had then demurred. Whether complainant had knowledge of defendant's infancy and was deceived about it, is not an open question, as the demurrer admits the facts charged. It would be strange indeed, if a Court of equity could regard infancy pleaded under such circumstance, as good ground for abating the suit, when the same facts, if alleged in the bill, would have given claim to relief. The inconsistency is so apparent, that we cannot doubt the correctness of the Court's ruling that the plea was not a bar to the whole proceeding.

The Court was right also in refusing to make the defendant personally answerable even for costs, for although he may be a partner, he cannot be held for contracts of the

firm individually unless he affirms, or does that which amounts to affirmance after reaching majority. In *Dunton vs. Brown,* 31 *Michigan,* 182, it was decided that an infant who had made a partnership could not disaffirm it until he arrived at age, and could not by next friend, a guardian, recover back what had been put into the concern. The same doctrine was again affirmed by Judge Cooley in *Armitage vs. Widoe,* 36 *Michigan,* 130. Having formed this partnership, he cannot so far repudiate it during minority, as to escape such consequences of partnership as do not involve personal liability for claims against the firm, or costs incident to the legal settlement of its affairs. Such partnership must be dissolvable as any other; and the partnership assets must be assignable to partnership creditors. What his rights may be, as against his adult co-partners, when he reaches majority, we do not decide.

The technical objection to the plea, raised at the hearing in this Court, that it was put in by next friend, seems, by the authorities, to be well taken. They all agree that while an infant may sue by his next friend, he cannot answer except by guardian appointed by the Court, but such guardian will always be appointed upon petition of the infant in his own name. *Daniel's Ch. Pr.,* 130, 160, 161; *Story's Equity Pl., sec.* 70; *Mitford's Equity Pl.,* 124. There seems to us also some irregularity in filing such plea after an answer responsive to the whole bill, and setting up other matter in defence, to which replication had been filed, without first withdrawing the answer, under leave. A plea like a demurrer, admits the facts not necessarily embraced in, and denied by the plea, and rests entirely on the point made by the plea which is intended to prevent further proceeding. *Mitford's Pl.,* 15; *Deford vs. The State,* 30 *Md.,* 198; *Kemp & Buckey vs. Cook & Ridgely,* 18 *Md.,* 133. The action of the Court below does not appear to have been influenced at all by these technical considerations,

as it, perhaps, might have been, and we only advert to them here by way of indicating our view of the proper practice. Approving the Court's order it will be affirmed, and the cause remanded.

> *Order affirmed, and*
> *cause remanded.*

(Decided 9th February, 1883.)