WYLEY C. CONARY, by Prochain Ami, vs. HOWARD F. SAWYER.

Hancock.    Opinion February 13, 1899.

*Insolvency.   Partnership.   Infant Partner.   Guardian ad Litem.   R. S., c. 70.
§§ 57, 58.*

All the property of a partnership, including the share of an infant partner, upon insolvency proceedings instituted by creditors of the partnership, is holden for payment of partnership debts, and passes to the assignee appointed by the insolvent court, though the infant partner repudiate his liability for such debts.

In such case, when the petitioning creditors neither seek nor obtain an adjudication by the insolvent court against the infant partner or against his individual estate, the appointment of a guardian ad litem to him in the insolvent proceedings is not required.

AGREED STATEMENT OF FACTS.

The case appears in the opinion.

*H. E. Hamlin and C. H. Drummey; F. H. Appleton and H. R. Chaplin,* for plaintiff.

The plaintiff, in this action, is not seeking to use his minority as a means of holding goods for which he has not paid. It is not a case where the minor disaffirms and tries to hold the consideration for his debt. It is simply a case where this minor seeks to recover the value of goods for which he has fully paid and owned and which the defendant converted to his own use and sold.

The minor having disaffirmed his contracts and debts individually and as a member of the firm of Conary & Dow, he is no longer personally liable for those contracts and debts and his property cannot be taken to pay them. He can disaffirm during his minority, and need not return the consideration. *Towle* v. *Dresser,* 73 Maine, 252; *Chandler* v. *Simmons,* 97 Mass. 508; *Morse* v. *Ely,* 154 Mass. 458.

It may be that so much of the firm assets as were not paid for can be held by the creditors for the payment of firm debts; but this is not the question here and we do not argue it.

In the case of *Pelletier* v. *Couture*, 148 Mass. 269, it will be seen that before any adjudication of insolvency was made by the court, a guardian was appointed for the minor. It was not done in our case and we say that for this reason the insolvency proceedings against the firm are void.

It is true that no warrant issued against the individual estate of the minor; but he was a member of the firm, interested in the insolvency proceedings and entitled to appear and be heard before adjudication of insolvency against the firm. He could not appear in person; it was absolutely necessary in order to bind him to appoint a guardian ad litem; this not having been done the whole proceedings are void as to him. *Crockett* v. *Drew*, 5 Gray, 399; *Marshall* v. *Wing*, 50 Maine, 62. See also, Parsons on Partnership, (4th Ed.) § 17.

"Proceedings in insolvency, in invitum, against an infant, who is not represented by a guardian ad litem, are void." *Farris* v. *Richardson*, 6 Allen, 118; *Johnson* v. *Waterhouse*, 152 Mass. 585; *Winchester* v. *Thayer*, 129 Mass. 129.

*A. W. King*, for defendant.

An infant member of a partnership, who repudiates all the partnership debts, cannot maintain trover against the assignee appointed under insolvency proceedings against the partnership, for the partnership assets.

Creditors are entitled to have all the assets of the firm applied to the payment of its indebtedness notwithstanding the infancy of one of the partners. 17 Am. & Eng. Ency. p. 923; citing *Bush* v. *Linthicum*, 59 Md. 344; *Whittemore* v. *Elliott*, 7 Hun, 518. See *Craig* v. *Van Bebber*, 100 Mo. 584, (18 Am. St. Rep. 601,) where will be found a discussion of this particular question, and many cases are there reviewed and considered.

Counsel also cited: *Yates* v. *Lyon*, 61 N. Y. 344; *Moley* v. *Brine*, 120 Mass. 324; *Page* v. *Morse*, 128 Mass. 99; *Dunton* v. *Brown*, 31 Mich. 182; *Furlong* v. *Bartlett*, 21 Pick. 401; *Pelletier* v. *Couture*, 148 Mass. 269; *Chandler* v. *Simmons*, 97 Mass. 508, 514.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

FOGLER, J.   This is an action of trover in which the plaintiff sues to recover the value of certain goods which were part of the assets of the former firm of Conary & Dow.   The plaintiff, a minor, and one Dow, an adult person, were engaged in trade at Bluehill as copartners under the above named style.   June 9, 1897, certain creditors of the firm filed in the insolvent court, for the county of Hancock, a petition alleging that said firm was insolvent and praying that a warrant of attachment and injunction issue against the estate of said firm and that other proceedings be had in accordance with the insolvent statutes of the state.   Upon such petition, on the 10th day of June, 1897, a warrant of attachment and injunction was issued from the insolvent court, addressed to the sheriff of said county, directing him to attach the estate of said firm and of Dow, the adult copartner; and the sheriff, on the same day, attached and took possession of all the property of said firm, including the goods described in the plaintiff's declaration. On the 14th of July, 1897, the insolvent court adjudged the copartnership insolvent and the defendant was duly chosen assignee, and the judge of the insolvent court executed and delivered to him an assignment of all the assets of the firm, in pursuance of which the defendant received from the sheriff and took possession of all the property of the firm, including the goods sued for in this action. The plaintiff seasonably notified the petitioning creditors, and also the sheriff and the defendant, that he was a minor and disaffirmed all and every liability and responsibility for the debts and contracts of the firm and of the individual members thereof; and that he claimed to hold and did hold all his interest in the copartnership property free and exempt from any and all claims of copartnership creditors, and at the hearing on the 14th of July protested against any action by the court upon the creditors' petition.   The plaintiff demanded of the sheriff, and of the defendant, possession with them respectively of all the goods and effects of the firm and particularly of the goods sued for and described in the declaration.

The defendant took and held exclusive possession of all the property of the firm, including the goods sued for, and prior to the date of the writ sold all said property and still retains exclusively the proceeds thereof. It is admitted by the agreed statement that all the goods described in the declaration were fully paid for by the firm prior to the commencement of said insolvency proceedings, and were partnership assets at the time when the insolvency proceedings were instituted. The plaintiff claims to own thirteen-fourteenths, undivided, of the property described in the declaration, and that he owned such fractional interest during all the proceedings above named.

The case is reported to the law court upon the stipulation that if, upon the evidence, pleadings and agreed statement, assuming that the defendant did own an interest in the goods described in the declaration, the action is maintainable, the case is to be sent back to nisi prius for trial upon the question of the plaintiff's actual title and interest thereto; otherwise judgment is to be for defendant.

The question to be determined is: Can an infant member of a partnership, who has disaffirmed his liability for the partnership debts, maintain an action against an assignee duly appointed under insolvency proceedings instituted by creditors against the partnership, for goods of the partnership which had been fully paid for by the firm prior to the commencement of such proceedings and which were at such time partnership assets?

By the adjudication of the insolvency of the firm, the copartnership was dissolved. Story on Part. § 313. The plaintiff, having disaffirmed all liability for partnership debts because of his minority, became absolved from any personal liability to the creditors of the firm. Upon the issuance of the warrant of insolvency all the property and estate of the partnership came into the hands and possession of the messenger and were properly returned by him to the assignee. R. S., c. 70, § 57. The net proceeds of the partnership property are to be appropriated to pay the creditors of the partnership. R. S., c. 70, § 58. The assignee had, therefore, the right of possession and disposal of all the partnership property

including that involved in this suit, for the benefit of partnership creditors.

The plaintiff, however, contends that inasmuch as he was a minor and had disaffirmed his personal liability for the debts of the firm, he has an individual interest in such of the partnership property as had been fully paid for at the time when the insolvency proceedings were instituted.

We do not think such contention is maintainable either upon principle or authority. A partner has no individual property in any specific assets of the firm. He has an interest in partnership property to receive therefrom only what remains after partnership debts are satisfied.

Partnership property cannot be applied, as against creditors of the firm, to the payment of the private debts of a partner. *Johnson* v. *Hersey*, 70 Maine, 74. It cannot be attached as the property of a partner. *Sanborn* v. *Royce*, 132 Mass. 594. The equities of parties in the partnership property are subservient to their partnership creditors. The latter have in equity an inherent priority of claim to be discharged from the joint property. *Menagh* v. *Whitwell*, 52 N. Y., 165, (11 Am. Rep. 683.) The interest of the plaintiff in the partnership assets was in what might be remaining of such assets after the payment of the debts of the firm. The fact that the plaintiff was a minor does not take his case out of the general principles above stated. It will be observed that he did not and does not disaffirm his contract of copartnership, but only his liability for firm debts. He claims title to the goods sued for as a partner, such goods having been paid for by the firm, and being partnership assets.

The case of *Pelletier* v. *Couture*, 148 Mass. 269, is directly in point and practically decisive of the case at bar. In that case, as in this, the firm and the adult partner were declared insolvent and warrants were issued against the firm assets and the property of the adult partner, but no adjudication was made or warrant issued against the infant partner or against his individual estate. The court held that the property of the partnership, including the share of the infant partner, may, after its dissolution and his

repudiation of its debts, be devoted to the payment of partnership debts upon proceedings in insolvency instituted by his copartner. The court says, p. 271, "If he, [the infant partner] enters into business with another as a partner, and contracts are made and assets thus obtained, he may deny his liability on the contracts by which they have been obtained, and relieve himself from the debts thus incurred. He will thus throw the liability for the whole debts on his partner, and make such partner solely responsible, but the assets thus obtained should be devoted to the satisfaction of the contracts by which they have been procured. Having placed the whole responsibility on another, having extricated himself from all liability, to allow him to retain the property, or to assert and maintain a title to it, or any portion of it, until the debts are satisfied, would be manifestly unjust."

In *Yates* v. *Lyon*, 61 N. Y. 344, a case involving the validity of an assignment for the benefit of creditors, made by copartners, one of whom was an infant, the court, per Reynolds, J., says, p. 346, "It cannot be doubted but that the law would devote the assets of this firm to the discharge of the partnership obligations, whenever any court should be appealed to for that purpose, and I do not see that the supposed equity of an infant partner should in such case prevail against that of the creditors of the firm." . . . . "It is not too much to say that if an infant goes into a mercantile adventure which proves unsuccessful, he ought, at least, to be held so far that the assets acquired by the firm should be applied to the payment of the debts of the concern."

As bearing on the question here in issue we cite: *Gay* v. *Johnson*, 32 N. H. 167; *Moley* v. *Brine*, 120 Mass. 324; *Page* v. *Morse*, 128 Mass. 99; *Bush* v. *Linthicum*, 59 Md. 344.

It is further contended, in behalf of the plaintiff, that the insolvency proceedings are void as against him for the reason that no guardian ad litem was appointed to represent his interest in such proceedings. As the petitioning creditors neither sought nor obtained any judgment or adjudication against the plaintiff personally, or against his individual estate, we are of opinion that no guardian ad litem was required. The adjudication and warrant

issued against the partnership property and the property of the adult partner.  In the cases cited by the plaintiff's counsel insolvency proceedings were instituted and prosecuted against the infant and his individual estate.  He was a party to the proceedings.  A court can appoint a guardian ad litem only when the infant is a party defendant.  The plaintiff was not a party in these insolvency proceedings.

We are of opinion that the title to the entire partnership property vested in the defendant by the assignment to him by the judge of the insolvent court, and that this action is not maintainable.

*Judgment for defendant.*