## CREW LEVICK COMPANY

*vs.*

W. KEIFFER HULL, Trading as the Hagerstown
City Garage Company.

*Infants: engaged in business; contracts; Article 56, section 39
of the Code.*

Article 56, section 39 of the Code, requiring minors to take
out a license before engaging in certain kinds of business, does
not render a minor liable on his contracts, made in the prose-
cution of such business, in which he is engaged without a license.

p. 9

*Decided January 13th, 1915.*

Appeal from the Circuit Court for Washington County.
(Keedy, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to Boyd, C. J., Briscoe, Burke,
Thomas, Pattison, Urner, Stockbridge and Constable,
JJ.

*J. O. Snyder* and *Albert J. Long* submitted a brief for the appellant.

*Wagaman & Wagaman* submitted a brief for the appellee.

BOYD, C. J., delivered the opinion of the Court.

The appellant sued the appellee, having in the *narr.* counts for goods sold and delivered by the plaintiff to the defendant, and for money found to be due from the defendant to the plaintiff on accounts stated between them. The defendant filed a plea that at the time of the making of the alleged contract and incurring the alleged indebtedness, he was within twenty-one years of age. The plaintiff filed a replication to that plea as follows:

"That the contract or contracts sued on in this case is a contract or contracts for the sale of gasoline by the plaintiff to the defendant, and at the time of the making of said contract or contracts for the sale of said gasoline as aforesaid, the said defendant was engaged in the selling, bartering and disposing of goods, chattels, wares and merchandise, and was required by the laws of the State of Maryland, for the purpose of prosecuting said business of selling, bartering and disposing of goods, chattels, wares and merchandise, as aforesaid, to take out a license such as is required by the laws of the State of Maryland for that purpose, and that said contract or contracts for the sale of said gasoline as aforesaid, were made in the prosecution of said business of selling, bartering and disposing of goods, chattels, wares and merchandise, as aforesaid."

The replication was demurred to and the demurrer sustained. The plaintiff having refused to file an additional replication, judgment of *non pros.* was entered.

The action of the lower Court was unquestionably correct. It cannot be doubted that at common law an infant was not bound on the contracts for the purchase of goods, wares and

merchandise purchased by him for the purpose of selling, bartering and disposing of them. Even if an infant become a partner he cannot be held for contracts of the firm, individually, unless he affirms or does that which amounts to an affirmance, after he attains his majority. *Bush.* v. *Linthicum,* 59 Md. 344. In that case Thomas J. Linthicum, an adult, entered into a written agreement of partnership with Richard H. Weir, an infant, by which they agreed to become co-partners in the business of a retail grocery and provision store. JUDGE MILLER, whose opinion in the lower Court was adopted by this Court, said: "I concede that the law casts its protection and guardianship around infants, as to all their contracts, except those for necessaries, and that it is not competent for the Court in this case to pass any decree, which will impose any personal liability upon the infant defendant for the debts of this firm, or enforce upon him any of the terms or conditions of this partnership contract, or even compel him to pay any of the costs of these proceedings." The Court did, however, hold that it was competent to decree a dissolution of the partnership and to wind up its affairs through the medium of a receiver,—that is, to collect the debts due the firm, sell its assets and apply the same to the payment of the debts. As to the general rule of the exemption of an infant from contracts except for necessaries, see also *Brawner* v. *Franklin,* 4 Gill, 463; *Mon. Bg. Assn.* v. *Herman,* 33 Md. 128; *Brantly on Contracts* (2nd Ed.) 145-147; 16 *Am. & Eng. Ency. of Law,* 282, and 22 *Cyc.* 580. But as there can be no question about the general rule at common law, it is perhaps useless to cite authorities.

Inasmuch then as the defendant is not liable under the common law, it is clear that he cannot be held liable unless there be some statute making him so. Section 38 of Article 56 says: "No person or corporation, other than the grower, maker or manufacturer shall barter or sell, or otherwise dispose of, or shall offer for sale any goods, chattels, wares or merchandise, within this State, without first obtaining a

license in the manner herein prescribed," etc.  Section 39, after providing for obtaining licenses from the Clerk of the Circuit Court in the counties, or the Clerk of the Court of Common Pleas in Baltimore City, goes on to provide, "but no license to trade or to sell spirituous or fermented liquors shall be issued by any clerk of a Court to a *feme covert,* or to any person under the age of twenty-one years, without the special order of a judge of said Court; and no judge shall give such special order to issue such license to sell spirituous or fermented liquors to a *feme covert,* or person under the age of twenty-one years, unless upon the recommendation of at least ten respectable free-holders, residents of the ward or district wherein said license would be operative; and whenever any license shall be issued to a *feme covert* or minor, the said *feme covert* or person under the age of twenty-one years shall be responsible for all contracts made in the prosecution of such business under such license and shall be liable to be sued therefor in any of the Courts of this State," etc.

The only liability fixed by the statute is *"whenever any license shall be issued* to a *feme covert* or minor, the said *feme covert* or person under the age of twenty-one years shall be responsible for all contracts *made in the prosecution of such business under such license."*  Manifestly that language can not by any construction known to the law be construed to mean that any minor who engages in such business as is mentioned in sections 38 and 39 is responsible for contracts made in the prosecution of such business, because he was required to take out a license by the laws of Maryland in order to engage in the business, although he did not have the license therein provided for.  If the Legislature had so intended, it would have said that every minor who shall barter or sell or otherwise dispose of, or shall offer for sale any goods, chattels, wares or merchandise within this State shall be responsible for all contracts made in the prosecution of such business. The Legislature was, however, not willing to let every minor procure a license, but only such an one as obtained a special order of a judge of the Court authorizing the clerk to issue

the license to him or her.   The theory of the Legislature doubtless was that it would not do to permit every minor to have a license, but only such as a judge of the Court authorized, after properly informing himself, which he would be presumed to do.   If a minor sells without license he is liable to be prosecuted, under section 94 of Article 56, if he has reached the age of criminal responsibility, for of course his exemption from liability for his contracts would not relieve him from criminal prosecution.

Whether or not it would be wise to make a minor responsible under such circumstances as are set up in this replication is not for us to determine, but we can have no hesitation in holding that the Legislature of Maryland has not yet done so.   As then this defendant is not responsible in this suit either at common law or by statute, the lower Court was undoubtedly right in its ruling and the judgment must be affirmed.

It may be well to add that we have not thought it necessary or proper to discuss the changes in our statutes in reference to married women since the Code of 1888.   What was section 36 of Article 56 of the Code is now sec. 39 of that Article in the Code of 1912.   There have been some material changes in Article 45,—particularly sections 5 and 20—in reference to married women engaging in business, but they are not involved in this case.   There have been no changes in what is' now section 39 of Article 56 in reference to minors, and hence the provisions of that section are still in all respects applicable to them.

*Judgment affirmed, the appellant to pay the costs.*