PATRICK J. MOLEY & another *vs.* JOHN B. BRINE.

Suffolk.   March 22. — May 6, 1876.   DEVENS & LORD, JJ., absent.

The members of a partnership contributed to the common stock in unequal propor-
tions, with an agreement that the profits should be equally divided between them.
Upon the dissolution of the partnership the assets were insufficient to pay back
the contributions of the several members in full. *Held,* that the assets must be
divided in the proportions of the contributions, and the deficiency borne by the
partners equally. *Held, also,* that the fact that one of the members of the firm was
a minor made no difference.

BILL IN EQUITY to close up a partnership.   At a former hear-
ing, before *Wells*, J., the plaintiffs relied on an agreement signed
by the three partners, of which the following is a copy: " Agree-
ment made this third day of August A. D. 1871, between J. B.
Brine, P. J. Moley and E. F. Jackson.   The partnership hereto-
fore existing under the firm of Brine Bros. & Co. is hereby dis-
solved.   E. F. Jackson is alone authorized to sign the name of
the firm in liquidation, make collections, pay bills, receive money
and draw checks, until the old business is settled as hereafter
arranged.   The other partners shall assist is closing up the busi-
ness, except as aforesaid.   From collections and assets, E. F.
Jackson is to receive the sum advanced by him, $4874, without
interest.   The balance of assets and property, after paying debts,
to be divided between Messrs. Brine and Moley, according to
their interest in the business; that is to say, $1800, without
interest, to Moley, and the balance to Brine.   Brine takes the
store and business.   Brine and Moley assume the risk of all ac-
counts and contracts up to August 1, 1871.   All money drawn
from the business after August 1, 1871, by P. J. Moley and E. F.
Jackson is to be deducted from the above portion."   Under that
agreement Jackson had begun to liquidate the affairs of the firm
prior to the filing of this bill.

It was then ordered: 1st. That that agreement " be set aside
and annulled as an agreement, the said Brine being a minor at
that date, and having elected to avoid the same on that ground;
and that said writing be taken to have no further or other effect
than as evidence upon the question of the actual transactions
and relations between the parties."   2d. " That the case be re-
ferred to a master to hear the parties and report to the court his

findings as to the actual relations between the parties and their respective rights in and to the funds and assets that are now in or that may come into the hands of the receiver; and also to state the accounts between them."

The master's report stated the following facts : The partnership was formed about July 1, and was dissolved by mutual consent on August 4, 1871. At the formation of the partnership, Jackson contributed to the common stock $4874, Moley $1800, and Brine $882, and it was agreed that each should receive one third of the profits. During the continuance of the partnership, Jackson drew out $34, Moley $100, and Brine $673.15. There were no profits of the partnership, and the assets were not sufficient to pay back in full the original contributions.

At the final hearing, before *Colt*, J., the plaintiffs contended that, no agreement being shown as to the division of the common stock upon a dissolution of the partnership, each partner was entitled to the amount of his contribution and interest, and that the deficiency in assets should be borne by the partners equally.

The defendant contended: 1st. That the assets should be equally divided among the three partners, without regard to the amounts contributed by each. 2d. That if such was not the rule, then the deficiency should be borne by the several partners in proportion to the several amounts contributed by them, and that the defendant should not bear any part of the deficiency.

The case was reported for the consideration of the full court; such order or decree to be entered as the case required.

*S. J. Thomas*, for Moley.

*T. P. Proctor*, for Jackson.

*M. A. Blaisdell*, for the defendant.

GRAY, C. J. The assets remaining upon the settlement of the business of the partnership, being less than the amount contributed by all the partners to the common stock, must be divided among them according to the amount of their contributions, and the deficiency must be borne by the partners in the same proportions in which they were to bear profits and losses, that is to say, in this case, equally. *Whitcomb* v. *Converse*, 119 Mass. 38.

This rule is not affected by the fact that the defendant is an infant. According to the agreement between the parties, he contributed less than one eighth of the capital stock, and was to receive one third of the profits of the business. He actually entered into the partnership, had the benefit of it while it lasted, and drew out the greater part of his contribution. The assets remaining at the time of the dissolution being insufficient to pay the claims of all the partners, the loss of capital must fall upon the three partners in equal proportions, and the infant cannot throw upon his copartners the obligation of making up the deficiency. *Breed* v. *Judd*, 1 Gray, 455. *Holmes* v. *Blogg*, 2 Moore, 552; *S. C.* 8 Taunt. 508. *Ex parte Taylor*, 8 De G., M. & G. 254. *Aldrich* v. *Abrahams*, Hill & Denio, 423, 425. *Medbury* v. *Watrous*, 7 Hill, 110, 112, 113. *Heath* v. *Stevens*, 48 N. H. 251.                    *Decree for the plaintiffs accordingly.*