### PETER A. PAGE *vs.* AARON R. MORSE.

Hampshire. Sept. 18, 1878. — Jan. 7, 1880. ENDICOTT & SOULE, JJ., absent.

If an infant becomes a partner with another, puts a sum of money into the business under an agreement to share in the profits, and does work for the partnership, he cannot afterwards, by rescinding the contract, recover of his partner the money so paid, or for the labor performed, in the absence of an express promise to pay him therefor.

CONTRACT on an account annexed, containing two items, one for 500 days' labor at one dollar per day, the other for $100, money had and received.

At the trial in the Superior Court, before *Allen*, J., it appeared that the plaintiff, who was an infant, entered into partnership with the defendant, at the solicitation of the latter, in keeping a shop; that they carried on the business from September 1874 to April 1876; and that the plaintiff put $100 into the partnership as his share, and worked in the shop.

The plaintiff contended that the arrangement was that the defendant was to pay him a dollar a day independently of the partnership; and that, as a partner, he could now disaffirm the partnership, and, as a creditor, recover of the defendant what his services during the continuance of the partnership were fairly worth. The defendant denied that he ever agreed to pay the plaintiff one dollar a day; but contended that it was agreed that the plaintiff should be paid a dollar a day out of the partnership business; and that he was not liable in this action on a *quantum meruit* for services performed by the plaintiff for the partnership. There was evidence that the plaintiff's services were worth one dollar per day.

It appeared that the partnership matters were not settled; that the business had been sold out to one H. G. Wells, who gave a note payable to the defendant's order, (the reason for so making it payable being disputed,) and that this note, and also the books of the partnership, had since that time been in the possession of the plaintiff. The defendant testified that the plaintiff had always refused to let him take the books since the sale; and the plaintiff testified that he did once so refuse, but that at another time before the action was commenced he told him he might go up to his house and get them. The books and the note were produced at the trial by the plaintiff, he having had notice to produce the books. There was no other evidence of his disaffirmance of the partnership than his bringing the suit and saying in court that he disaffirmed it, and at the trial telling the defendant to take the books and note.

The plaintiff asked the judge to rule as follows: " If the plaintiff performed the labor at the instance of the defendant, he is entitled to recover whatever it was agreed between the parties he should have. · If the plaintiff performed the labor, and there was not an absolute contract by the defendant to pay him for

such services, he can recover as much as his services were fairly worth. If the defendant promised to pay the plaintiff a dollar a day out of the business, and the plaintiff performed the labor by reason thereof, the defendant is liable to the plaintiff in this action therefor. If the plaintiff paid into the business $100 at the defendant's request, though put in by virtue of an agreement that he would share in the profits, yet, if the plaintiff has avoided the contract, he is a creditor of the defendant to that extent, and can recover what he has so paid."

The judge declined so to rule; but ruled that the plaintiff could recover for his labor only in case the jury found that the defendant absolutely promised to pay him at all events; and that the plaintiff could not recover any money put into the business under an agreement to share in the profits.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*T. G. Spaulding*, (*W. G. Bassett* with him,) for the plaintiff.
*H. H. Bond*, for the defendant.

GRAY, C. J. This is not a case in which an infant plaintiff has paid money or delivered property to the defendant or performed services for him. It does indeed appear that the plaintiff entered into partnership with the defendant at the solicitation of the latter in the business of keeping a shop, that they carried on the partnership for a year and seven months during the plaintiff's minority, and that he worked in the shop. As to the sum of one hundred dollars which the plaintiff seeks to recover back, the bill of exceptions merely states that he put it into the partnership; there is nothing to show that it was ever in the separate hand or control of the defendant, and it must therefore be taken to have been, like other property of the partnership, in the possession of the two jointly; and its expenditure or loss in the course of the partnership business does not render the defendant liable to make it good to the plaintiff. *Moley* v. *Brine*, 120 Mass. 324. So the work done by the plaintiff, having been done for the partnership and not for the defendant alone, no promise of the latter to pay the plaintiff for it can be implied, and the jury have negatived any express promise to pay him. *Exceptions overruled.*