WILLIAM F. BROOKS & another vs. JESSIE A. SAWYER.

Middlesex.   January 19, 1906. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Infant.*

An infant is not liable in an alleged action of tort for false and fraudulent representations that he was of age whereby the plaintiff was induced to pay him a sum of money for an option in writing to purchase real estate owned by the infant which afterwards he repudiated on the ground of infancy.

One who has paid money to an infant under a contract which the infant afterwards avoids on the ground of infancy cannot recover back the amount of the money he has paid where the infant has not retained the identical money in his hands.

TORT as stated below.   Writ dated July 10, 1905.

The declaration alleged that on or about April 8, 1905, the defendant represented to the plaintiffs that she was the owner of certain real estate situated in Cambridge, in the County of Middlesex, and that she was legally competent to sell, and was desirous of selling, the same, and to induce the plaintiffs to enter into an agreement in reference to the purchase of the same, the defendant falsely and fraudulently represented to the plaintiffs that she was not a minor and was legally competent to sell the property; that the plaintiffs relying upon these representations and believing them to be true were thereby induced to pay the defendant the sum of $200 and to accept from her an agreement in reference to the sale of the property; that after executing this agreement the plaintiffs discovered that, at the time of executing the agreement, the defendant was a minor and not legally competent to sell the property, all of which the defendant well knew; that the defendant refused to comply with the agreement for the reason that, at the time of executing it, she was a minor and was not of full age, and refused to return to the plaintiffs the sum of $200 paid to her as aforesaid; that the plaintiffs by entering into the agreement in good faith paid the defendant $200 and were put to great expense for legal services in examining the title to the property, and were in other ways greatly injured.

The agreement referred to above, of which a copy was annexed to the declaration, was as follows:

"Know all men by these presents, that I Jessie A. Sawyer in consideration of the sum of two hundred dollars to me in hand paid, the receipt whereof is hereby acknowledged, do hereby covenant and agree to sell and convey for the sum of twenty-six thousand dollars to Brooks and Conley or their assigns, at any time between the date of these presents and the 15th day of June 1905, when called upon in writing so to do, by said Brooks and Conley or their assigns, a certain parcel of land with the buildings thereon, situated on Mass. Ave. & Brookline Street in the city of Cambridge, numbered 472-474-476 Mass. Ave. and 12-14-18 on said Brookline St., and being bounded and described as follows:— [Description] and I agree to give good legal title to the same free from all incumbrances except three mortgages amounting to $15,450, and I further agree that in case I should be unable to give good legal title to said premises as aforesaid, said sum of two hundred dollars shall be repaid by me to said Brooks and Conley or their assigns: and that should said Brooks and Conley or their assigns take up this option, and call for the sale or conveyance of this property as herein provided, said sum of two hundred dollars shall be deducted from the purchase price herein specified; provided, however, that should said Brooks and Conley or their assigns fail to purchase said estate within the time called for in this option, said sum of two hundred dollars is to be retained by me.

"Witness my hand and seal this eighth day of April 1905.

"Jessie A. Sawyer."

"J. Joseph Foley Witness"

The defendant demurred to the declaration as insufficient in law, and also, not waiving her demurrer, filed an answer containing a general denial. The Superior Court sustained the demurrer and ordered judgment for the defendant. The plaintiffs appealed.

*F. J. Carney*, for the plaintiffs.

*J. J. Foley*, for the defendant, filed no brief but relied on *Slayton* v. *Barry*, 175 Mass. 513.

LATHROP, J.   We are of opinion in this case that the demurrer to the declaration was rightly sustained, and judgment rightly ordered for the defendant.   While the action is called one of tort, yet the action is clearly for the breach of a contract, and the fraud alleged is directly connected with the contract.   The case is governed by *Slayton* v. *Barry*, 175 Mass. 513, where the question is fully considered, and the rule laid down by Chancellor Kent followed.   " The fraudulent act, to charge him, [the infant] must be wholly tortious; and a matter arising *ex contractu*, though infected with fraud, cannot be changed into a tort in order to charge the infant in trover, or case, by a change in the form of the action."   2 Kent Com. 241.

The case of *Drude* v. *Curtis*, 183 Mass. 317, disposes of the argument that the plaintiff may recover as damages the sum paid by him for the option.   It also disposes of the case of *Walker* v. *Davis*, 1 Gray, 506, relied upon by the plaintiff.

*Judgment affirmed.*