MICHAEL DUSOPOLE *vs.* JOHN N. MANOS.

Middlesex.     December 12, 1906. — February 28, 1907.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Conduct of trial, Judge's charge. *Infant. Partnership.*

It is no ground of exception to the charge of a presiding judge that he suggested in his charge to the jury a possible view of the evidence which had not been contended for by either of the parties and up to that time had not been mentioned in the case, if the possible conclusion of fact suggested by the judge is warranted by the evidence.

If an infant, under an agreement by which he is to enter a partnership with two other persons when he has contributed a certain amount of money, deposits with one of these persons a sum of money less than the amount required, to be held by this person as a depositary until the full amount is paid, and if the infant never pays the full amount, the contract is executory and the infant may avoid it and recover the money he has deposited.

CONTRACT, upon an account annexed, for money lent by the plaintiff to the defendant and for work and labor performed by the plaintiff for the defendant. Writ in the Police Court of Lowell dated August 30, 1905.

On appeal to the Superior Court the case was tried before *Hardy*, J. The plaintiff testified that he was a native of Macedonia in Turkey; that he and the defendant had been acquainted with each other for many years in the old country; that he came to this country about four years ago from Turkey and came to Lowell, where the defendant, who had preceded him to this country by about two years, then resided; that he worked in a mill in Lowell about six months, and at the end of that time went to work in a shoe shop in Nashua, New Hampshire; that the defendant's brother, Elias Manos, was employed in the same shop in Nashua; that in September, 1903, the defendant came to Nashua and informed him that he had purchased a store in Lowell, and asked him to let him have some money; that the plaintiff afterwards went to Lowell with the defendant's brother and gave the defendant $150; that at different times he let the defendant have other sums of money in the same manner until the amount aggregated the sum of $385; that in the meantime he continued to work in the shop in Nashua; that about the last of March or the first of April he became too ill to continue his work in Nashua and left the shop and came to Lowell; that the defendant hired a room for him, where he slept, and that he spent most of his time in the fruit store of the defendant; that at the end of two weeks from the time of his coming to Lowell the defendant asked him to go to work in the store; that he did so; that his work consisted in making and selling ice cream and sometimes attending the store with the defendant and his brother, who also worked there; that he continued so to work until the latter part of July of 1904, when he again was taken ill, and, being informed by his physician that the climate did not agree with him, determined to return to his home in Turkey; that he asked the defendant for his money and the defendant informed him that he could not let him have it at that time, but that the defendant paid him $150, and paid a further sum for him of $29, and further promised to pay his debts and to send him the balance of the money; that the defendant never sent him any money; that he returned

from Turkey to this country in the summer of 1905, and went to the defendant and asked for his money; that the defendant said he could not pay him then but that he would do so when he sold his store.

On cross-examination he testified that it was the defendant's brother Elias who spoke to him in Nashua about the money, and told him that the defendant had bought a store in Lowell, and wanted money; that at the same time he asked the plaintiff whether he would not like to be a partner; that he replied that he did not want to be a partner, but would help him with money; that thereupon he collected some money that was due him and came with the defendant's brother to Lowell with the money and delivered it to the defendant; that there was no note or receipt given for the money and no time of repayment specified, and no agreement as to interest or other compensation for the use of the money; that he was now about twenty years and six months of age.  On cross-examination he admitted that at the trial of this case in the Police Court of Lowell he testified that he was twenty-one years of age, but said that since that time he had by correspondence obtained a certificate which convinced him that his statement in the Police Court was incorrect.  The certificate was produced by the witness and was shown to the counsel, but was not offered in evidence by either party.

The plaintiff offered the evidence of several other witnesses, all of whom testified to certain conversations with the defendant after the plaintiff returned from Turkey, tending to show that the defendant admitted that he was indebted to the plaintiff and made excuses for non-payment of such indebtedness.

The defendant testified and offered evidence tending to show that the money paid to him by the plaintiff was for a share in a partnership consisting of the plaintiff, the defendant and the defendant's brother.

At the close of the evidence the defendant asked the judge to rule and instruct the jury as follows: " If you find that the money contributed and paid by the plaintiff was not a loan, but was paid to purchase an interest in the business as a partner, and that the services performed in the store were rendered as a partner, and part owner, and without any agreement with the other partners to pay a salary or wages, your verdict must be for the defendant."

The judge gave in substance the instruction requested, but also gave other instructions including the portion of the charge which is quoted in the opinion. The jury returned a verdict for the plaintiff in the sum of $361.92; and the defendant alleged exceptions to this portion of the charge.

*F. W. Qua, S. E. Qua & A. O. Hamel*, for the defendant.

*D. J. Murphy*, for the plaintiff.

HAMMOND, J. One of the questions was whether the money was lent to the defendant, or was paid to him for a share in a partnership which was to consist of the plaintiff, the defendant and the latter's brother. As to the partnership phase of the case, the judge instructed the jury in substance that if the plaintiff advanced the money for the purpose of becoming a partner and he became a full partner or became entitled to the rights of a partner in a share of the profits as repayment of the sum advanced, he could not recover although he was a minor. The judge still further instructed the jury as follows: "Now it is for you to say from all that evidence whether between the time that he began to pay this amount of capital, as it is claimed here by the defendant, and the time when he made his last payment, in all amounting to three hundred and eighty-six dollars, whether it was intended and was agreed at that time that he was to become a full partner. Did he become a partner, or was this money simply advanced to the defendant in this case as a depositary until the full amount was paid, which was four hundred thirty-three dollars and thirty-three cents and one-third? Was the service rendered in connection with the fact that he was working for the defendant as an individual? If you find that he was not a partner at that time, that this money was merely advanced as a part payment of the full amount of four hundred and thirty-three dollars and this defendant simply had control of that fund for the purpose of going into partnership, with that in view, this plaintiff, if he were a minor, would have a right to revoke that contract which would be executory, and until its full completion he would have a right to revoke the contract and recover what he had paid up to that time."

The defendant does not contest the correctness of the rules of law thus enumerated, but he contends that there is no evidence which would warrant a finding that the money was paid to the

defendant as a depositary in the manner stated in this part of the charge; that neither the plaintiff nor the defendant either in the testimony or in the arguments made any claim that it was; and hence that it was error to submit the case in this way to the jury.

We have examined the testimony, however, and think that the view of the case suggested by the judge is warranted by the evidence; and that in view of all the circumstances the jury properly could find that the plaintiff never became a full partner and never was recognized as such, but that his membership of the firm depended upon his first paying in his full share of the capital, and that until that was done the defendant was a mere depositary of the money. It is immaterial that this possible view of the evidence had not been presented by the parties, and had not been suggested before the charge.

*Exceptions overruled.*