WILLIAM KNUDSON *vs.* GENERAL MOTORCYCLE SALES
COMPANY, INCORPORATED.

BURTON RAYMOND *vs.* SAME.

Suffolk.    November 14, 1917. — April 22, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Infant. Estoppel. Deceit. Municipal Court of the City of Boston,* Appellate
Division.

An infant is not estopped to deny a recital "that he is at least twenty-one years
of age" contained in a contract in writing signed by him that he seeks to avoid.

An infant is not liable in tort for deceit by reason of having made false representa-
tions that he was of age.

An infant who avoids a purchase made by him under a contract of conditional sale
and returns the article purchased is not liable in damages for deterioration of
the article while in his possession under the contract.

An order of the Appellate Division of the Municipal Court of the City of Boston
dismissing a report must be taken to be a denial of a motion previously made
to recommit the report to the trial judge for amendment or amplification.

An order of the Appellate Division of the Municipal Court of the City of Boston
denying a motion to recommit a report to the trial judge for amendment or
amplification is not subject to revision.

TWO ACTIONS OF CONTRACT against the same defendant, each
brought by a minor by his next friend to recover money paid by
the plaintiff toward the purchase of a motorcycle under a contract
of conditional sale avoided and repudiated by the plaintiff, who
had delivered back the motorcycle to the defendant and demanded
the money paid by him.    Writs in the Municipal Court of the City
of Boston dated respectively August 11 and August 25, 1916.

In the Knudson case the defendant's answer contained a claim
in recoupment for use and misuse of the motorcycle by the plaintiff.

In the Municipal Court the cases were tried before different
judges.    In the Knudson case the judge found that the plaintiff
was a minor, that when he made the contract he said that he was
of age, that the contract was not beneficial to him and that the
motorcycle was not a necessity for him.    The judge ruled that the
contract was one of conditional sale, and refused to give the rulings
requested by the defendant.    He found for the plaintiff in the sum

of $121.70, and at the request of the defendant reported the case to the Appellate Division.  The defendant filed in the Appellate Division a motion to recommit the report to the trial judge for amendment by adding to it a statement of certain things not contained in it.  The Appellate Division made an order that the report be dismissed, and the defendant appealed.

The judge before whom the Raymond case was tried found that the plaintiff was a minor at the time that the contract of conditional sale was executed and that the motorcycle was not a necessity. He found for the plaintiff in the sum of $78, and at the request of the defendant reported the case to the Appellate Division.  The Appellate Division made an order that the report be dismissed, and the defendant appealed.

*A. W. Blakemore,* for the defendant.

*H. D. Linscott,* for the plaintiff Knudson, submitted a brief.

*R. T. Healey,* for the plaintiff Raymond.

BRALEY, J.  By their failure in performance, no title to the motorcycles passed to the plaintiffs, and ordinarily all payments made on account of the purchase price would be forfeited.  *Chase* v. *Ingalls,* 122 Mass. 381.  *Bailey* v. *Hervey,* 135 Mass. 172.  *Smith* v. *Aldrich,* 180 Mass. 367.  But, as they were minors during the time covered by the contracts, each plaintiff seeks in the present actions to recover back the moneys paid.

The finding of the trial judge that the motorcycles were not necessaries is not assailed, and, notwithstanding the recital in each of the instruments, "that he is at least twenty-one years of age," the plaintiffs even if the statements were false are not estopped from disaffirmance.  *Merriam* v. *Cunningham,* 11 Cush. 40.  *White* v. *New Bedford Cotton Waste Corp.* 178 Mass. 20.  *Sims* v. *Everhardt,* 102 U.S. 300.  The contracts, therefore, even if treated as executed, can be avoided, and, if material, the motorcycles being in possession of the defendant, there is no consideration to be returned.  *Benson* v. *Tucker,* 212 Mass. 60, 62.

It is true that recoupment is pleaded.  The plaintiffs, however, are not liable in tort for deceit arising from false representations as to their age, or for damages to the machines while in their possession and used by them under the contract.  *Slayton* v. *Barry,* 175 Mass. 513.  *Drude* v. *Curtis,* 183 Mass. 317.

The defendant cites *Walker* v. *Davis,* 1 Gray, 506, where it was

remarked that infancy is not a defence to a civil action for fraud. But *Walker* v. *Davis,* as pointed out by Lathrop, J., in *Brooks* v. *Sawyer,* 191 Mass. 151, 153, is disposed of by *Drude* v. *Curtis,* 183 Mass. 317.

It was said by Morton, J., in *Gillis* v. *Goodwin,* 180 Mass. 140, where the plaintiff, a minor, sued to recover certain sums paid under a contract for the conditional sale and purchase of a bicycle, "Whatever may be the law elsewhere . . . it is settled in this State that a minor can avoid a contract like that in this case, and is not obliged to put the other party *in statu quo* or allow anything for the rent and use of the property while in his possession. *Morse* v. *Ely,* 154 Mass. 458. *Pyne* v. *Wood,* 145 Mass. 558. *McCarthy* v. *Henderson,* 138 Mass. 310. *Dube* v. *Beaudry,* 150 Mass. 448. *Walsh* v. *Young,* 110 Mass. 396. *Chandler* v. *Simmons,* 97 Mass. 508, 514." We find nothing in the elaborate argument of the learned counsel for the defendant by which in principle the cases at bar can be distinguished.

It follows that the requests for rulings were denied properly, and, whether in the Knudson case the defendant's motion to recommit the report of the trial judge for amendment or amplification should have been allowed, was discretionary with the Appellate Division, whose general order dismissing the report is to be treated as a denial of the motion. The entry in each case must be

*Order dismissing report affirmed.*