GEORGE GODFREY *vs.* MUTUAL FINANCE CORPORATION.

Suffolk.   March 28, 1922. — June 29, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Infant. Contract,* Implied, Rescission, Disaffirmance by infant. *Corporation. Practice, Civil,* Finding by judge, Agreed statement of facts. *Evidence,* Inference.

An action by a minor to recover money alleged to have been paid to the defendant, a corporation, under an agreement to purchase shares of its capital stock was heard by a judge upon an agreed statement of facts in which, while it appeared that the plaintiff had made a contract, it was not agreed expressly that the plaintiff had contracted with the defendant for the purchase. It was agreed, however, that the stock was paid for in instalments and that all but the first payment was made to the defendant, that payment having been made to an agent of another corporation who, "acting on behalf of the defendant," had solicited the purchase. The judge found for the plaintiff. *Held,* that an inference from the agreed facts was warranted that the contract of purchase was made between the plaintiff and the defendant, and that the finding for the plaintiff showed that such inference was drawn.

A contract by a minor with a corporation for the purchase of shares of its capital
stock is voidable by the minor while under age.

A minor disaffirmed a contract made with a corporation for the purchase of shares
of its capital stock, and, tendering to the corporation certificates and dividends
received from the corporation, brought an action for sums which he had paid
to the corporation under the contract, at the trial of which the defendant sought
to show that after the contract was made and before it was disaffirmed by the
plaintiff, the defendant had suffered an impairment of capital such that it would
be impossible to refund to all shareholders the full amount invested by them,
and asked for rulings to the effect that, by reason of such impairment of capital,
the plaintiff could not recover the full amount invested by him.  The evidence
was excluded and the rulings were refused.  *Held,* that the judge was right in
excluding the evidence and refusing the rulings, and that the plaintiff was
entitled to recover the full amount of his payments on the contract less the
amount of dividends, credit for which he had expressed a willingness to give to
the defendant.

CONTRACT by a minor for a sum of money paid by him to the
defendant for shares of its capital stock, sold to him in 1919 when
he was sixteen years and eight months of age.  Writ in the Mu-
nicipal Court of the City of Boston dated February 3, 1921.

In the Municipal Court, the action was heard upon an agreed
statement of facts.  Material facts agreed to are described in the
opinion.

The defendant offered evidence, which was excluded, tending to
show that after the signing of the agreement for purchase of shares
of the capital stock of the defendant, described in the opinion, and
before the date on which the plaintiff elected to rescind the same,
the defendant corporation suffered an impairment of capital, which
as nearly as then could be ascertained amounted to thirty-four
per cent; and that it would be impossible at that time to refund
to all stockholders the full amount invested by them.

At the close of the evidence, the defendant asked for the follow-
ing rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. If the capital of the defendant corporation has been im-
paired to such an extent that a refund to all stockholders of the
full amount invested by them is impossible, then the plaintiff is
not entitled to recover.

"3. If the capital of the defendant corporation has been im-
paired to such an extent that a refund to all stockholders of the
full amount invested by them is impossible then the plaintiff is
not entitled to recover the full amount invested by him.

"4. An infant having subscribed to stock in a corporation and having stock certificates issued to him in pursuance of said subscription, is not entitled to recover the full amount paid in by him if the corporation has suffered impairment of the capital subsequent to the time of his subscription contract.

"5. If the infant subscribed to stock in a corporation and subsequently has stock certificates issued to him and if the corporation then suffers an impairment of capital the infant cannot then elect to rescind his subscription contract and receive from the corporation the full amount paid in by him."

The rulings were refused.  The judge found for the plaintiff in the sum of $140 and, at the request of the defendant, reported the action to the Appellate Division, who ordered the report dismissed.   The defendant appealed.

*W. Powers, (D. Needham & R. H. Cahouet* with him,) for the defendant.

*R. S. McCabe,* for the plaintiff.

DE COURCY, J.   On October 18, 1919, the plaintiff, who was a minor, agreed to purchase two shares of the preferred stock and a voting trust certificate for one share of the common stock of the defendant corporation for $140.   When final payment had been made, certificates for the stock and voting trust were issued to him.   On or about February 5, 1921, he (being still a minor) disaffirmed said agreement, offered to surrender the certificates and return the $4 received as dividends, and demanded the return of the money paid by him.   It is not expressly declared in the agreed statement of facts that the plaintiff contracted with the defendant company; but the finding for the plaintiff imports a finding of that essential element.  *Adams* v. *Dick,* 226 Mass. 46, 53.   The trial judge could reasonably infer that such was the fact. G. L. c. 231, § 126.   The stock was paid for in instalments, and all but the first payment were made to the defendant.   That initial payment was made to an agent of the H. V. Greene Company, Inc. who, "acting on behalf of the defendant," solicited the purchase.   The judge presumably found that the H. V. Greene Company, Inc. was the agent of the defendant in collecting said first payment.

The contract plainly was voidable, and could be disaffirmed by the minor.  *Gillis* v. *Goodwin,* 180 Mass. 140.  *Simpson* v.

*Prudential Ins. Co. of America,* 184 Mass. 348. *Benson* v. *Tucker,* 212 Mass. 60. No question of restoration of the consideration is involved, because the plaintiff has offered to surrender not only the certificates, but the money received as dividends. See *Drude* v. *Curtis,* 183 Mass. 317; *Knudson* v. *General Motorcycle Sales Co. Inc.* 230 Mass. 54, 56.

The defendant urges that any recovery by the plaintiff must make allowance for the impairment of capital suffered by the defendant corporation; in other words that it must be limited to his ratable share of the present corporate assets. This claim is based mainly upon cases represented by *Moley* v. *Brine,* 120 Mass. 324, *Page* v. *Morse,* 128 Mass. 99, and *Pelletier* v. *Couture,* 148 Mass. 269. But these were decided on principles peculiar to the law of partnership. While an infant partner may avoid partnership obligations to creditors, so far as his own personal liability is concerned, his contribution to the firm capital cannot be withdrawn until the claims of firm creditors are satisfied. As was said by this court in the Pelletier case, page 271, "If he [a minor] enters into business with another as a partner, and contracts are made and assets thus obtained, he may deny his liability on the contracts by which they have been obtained, and release himself from the debts thus incurred. He will thus throw the liability for the whole debts on his partner, and make such partner solely responsible, but the assets thus obtained should be devoted to the satisfaction of the contracts by which they have been procured. Having placed the whole responsibility on another, having extricated himself from all liability, to allow him to retain the property, or to assert and maintain a title to it, or any portion of it, until the debts are satisfied, would be manifestly unjust." Whatever explanation may be given for this limitation on the privilege of an infant partner (see Williston, Contracts, § 229), it is not applicable to the relation existing between stockholders. The fundamental differences between the rights and duties of a corporation stockholder and those of a partner have been too long established to call for discussion. *Pratt* v. *Bacon,* 10 Pick. 123. *Russell* v. *M'Lellan,* 14 Pick. 63. By the plaintiff's disaffirmance his contract became void from its inception, and his right to recover the money paid related back to the time of payment; it was not affected by the subsequent depreciation of the corporate assets. *McCarthy*

v. *Henderson,* 138 Mass. 310. *Knudson* v. *General Motorcycle Sales Co. Inc., supra.* In *White* v. *New Bedford Cotton Waste Corp.* 178 Mass. 20, this court refused to extend to corporations the doctrine applicable to partnership cases, using the following language: "The defendant contends that after the votes to wind up its business and after the transfer of its property to the Mount Pleasant Mills, the rights of the stockholders of the defendant corporation were similar to those of partners upon a dissolution of a partnership. But the corporation was not dissolved and as between themselves or between themselves and others, the members of the corporation were stockholders and not partners." In that case the plaintiff, a minor, subscribed and paid for stock in the defendant corporation. Subsequently the defendant transferred all its property to another corporation, and the plaintiff exchanged his holding for a corresponding number of shares in the new corporation. Upon disaffirming his contract he was allowed to recover his subscription. See also *Simpson* v. *Prudential Ins. Co. of America, supra.* For authorities in other jurisdictions see cases collected in notes 16 Ann. Cas. 524. 28 L. R. A. (N. S.) 128.

There was no error in the exclusion of evidence or in the refusals to rule as requested. The order dismissing the report is affirmed; but with the modification that the finding for the plaintiff is to be for $136, in view of his expressed willingness to credit the defendant with the money he received as dividends. See *Loanes* v. *Gast,* 216 Mass. 197, 199.

*So ordered.*