JOHN B. KELLY *vs.* JOHN HALOX.

Suffolk. March 5, 1926. — May 26, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Minor. Contract,* Implied. *Partnership. Evidence,* Res inter alios, Presumptions and burden of proof. *Practice, Civil,* Order of evidence, Ordering verdict.

In this Commonwealth, a minor who disaffirms a contract need not put the other party thereto *in statu quo* before beginning an action for the recovery of that with which he parted in keeping his part of the contract.

At the trial of an action by a minor for money which he had paid to the defendant in accordance with a contract in writing for the carrying on of a restaurant, evidence of a contract in writing, entered into five days later between a third party and the plaintiff and the defendant for the carrying on of the same restaurant, by which the third party and the plaintiff were to pay money to the defendant, and also evidence that the third party paid in money in accordance with the contract, is *res inter alios* and is not competent upon the issues presented by the pleadings.

There being no evidence at the trial above described of any creditors of the partnership between the plaintiff and the defendant and there being

evidence that the contract between the plaintiff and the defendant was made, that the plaintiff paid in the amount he was seeking to recover, that he was a minor, and that he disaffirmed the contract, and it appearing that the defendant, not denying such facts, contended merely that the rights of the third party prevented recovery, it was proper to refuse to order a verdict for the defendant and to order a verdict for the plaintiff.

CONTRACT, with a declaration in two counts. In the first count the plaintiff claimed $600 "for money received of the defendant to the plaintiff's use," and in the second count the plaintiff alleged that on or about March 17, 1924, he paid the defendant $600 for a one half interest "in Lunchroom business, at #1729 Washington St., Boston; that your plaintiff is a minor and has rescinded said contract; and that the defendant now owes him the sum of Six Hundred ($600) Dollars." Writ dated April 1, 1924.

The action was tried before *Walsh,* J. The plaintiff testified that he was twenty years of age; that on March 17, 1924, he "gave defendant $50 one day and the next day he gave $450 and put $100 in the bank, making the $600. He was giving the $600 for a partnership in a lunch room. He had an agreement." The agreement was introduced in evidence and purported to be an agreement in writing between the plaintiff and the defendant to form a partnership in the conduct of a restaurant business at 1729 Washington Street in Boston, known as the Garden Lunch, the plaintiff to invest therein $2,150.

The plaintiff further testified that the partnership continued for about two weeks, and that he tried to get his money back from the defendant but never received it. In cross-examination he testified that he executed another agreement dated March 22, 1924, which was introduced in evidence and purported to be an agreement under seal between the defendant and one George I. McCarthy and the plaintiff to become equal partners in the conduct of the restaurant business at 1729 Washington Street, Boston, known as the Garden Lunch, the plaintiff and McCarthy each to pay the defendant $850. The plaintiff further testified in cross-examination that McCarthy paid some money into the business; that a deposit of $100 made by him in the

Roxbury Trust Company was in the joint names of himself and the defendant and could be withdrawn only by checks signed by both; and that the business of the Garden Lunch stopped a short time after March 22, 1924.

Subject to exception by the defendant, the judge excluded the following question asked of the plaintiff by the defendant: "How much money did McCarthy contribute?" The defendant submitted the following offer of proof: "I wish to show that McCarthy made a contribution, and that fund under this agreement . . . and that fund is still in existence." The bill of exceptions states: "The judge ruled that the defendant could not make an offer of proof and the defendant duly excepted."

Subject to exceptions by the defendant, the judge then excluded the following further questions: "When McCarthy made his contribution was that deposited to the partnership account?" "Now Mr. McCarthy has brought a suit involving this restaurant against you and Mr. Halox, has he not?"

At the close of the plaintiff's evidence, the defendant offered in evidence the original pleadings and papers in a suit in equity brought by McCarthy against the plaintiff and the defendant "for the purpose of showing that the assets of the concern in agreements [of March 17 and March 22, 1924,] are for the purpose of showing that the plaintiff John B. Kelly has a possible existing right, or an existing right in said partnership assets." The evidence was excluded subject to exception by the defendant.

At the close of the evidence, the defendant moved that a verdict be ordered for the defendant. The motion was denied and the defendant excepted. The defendant asked for and, subject to exceptions by the defendant, the judge refused to make the following rulings:

"1. There is evidence of payment received by the plaintiff.

"2. If the plaintiff acting with the defendant sold an interest in the business testified to and the proceeds of said sale were received for the joint account of the plaintiff and defendant and others, then the plaintiff's interest in said proceeds is a payment on account of his claim.

"3. When the plaintiff and defendant sold an interest in the restaurant business to McCarthy the plaintiff put it out of his power to proceed against the defendant in this action.

"4. If the plaintiff has a joint interest with the defendant in any fund or assets arising from the restaurant business or its sale, such interest should be credited by the plaintiff to the defendant.

"5. The plaintiff having united with the defendant in the sale of the restaurant business or of an interest therein has put it out of his power to proceed in this action.

"6. If the plaintiff has an interest in any proceeds from the sale of the restaurant business he should realize on said interest before proceeding with this action."

On motion by the plaintiff, the judge, subject to an exception by the defendant, ordered a verdict for the plaintiff in the sum of $600. The defendant alleged exceptions.

*J. H. Duffy*, for the defendant.

*W. H. Watson*, for the plaintiff.

WAIT, J. The exceptions saved by the defendant cannot be sustained.

It is the established law of this Commonwealth that a minor who disaffirms a contract need not put the other party thereto *in statu quo* before beginning an action for the recovery of what he has parted with. *White* v. *New Bedford Cotton Waste Corp.* 178 Mass. 20, 24, and cases cited.

If the contract is one of partnership, it is true that the minor's interest in the funds of the partnership is said to be subject to the claims of firm creditors, *Godfrey* v. *Mutual Finance Corp.* 242 Mass. 197, 200, *Moley* v. *Brine*, 120 Mass. 324, *Page* v. *Morse*, 128 Mass. 99, *Pelletier* v. *Couture*, 148 Mass. 269; but none of these was a case where the issue was presented between a firm creditor and the minor, and so full authority for the proposition stated. It is not necessary to decide the matter here, because the evidence fails to disclose that there were any firm creditors, or that any diminution of the assets of the short-lived partnership had taken place. The evidence which the defendant sought to introduce in regard to McCarthy was not competent upon the issues

presented by the pleadings, which merely put in issue the making of the alleged contract, the minority of the plaintiff, the amount paid in, the disaffirmance, and repayment by the defendant. Had it been admitted, it would have disclosed that McCarthy was not a firm creditor, but either the possessor of a claim against the plaintiff and defendant as individuals, or else a copartner with them in another firm seeking a dissolution of that firm and the distribution of its assets. Manifestly the matter was *res inter alios* in this case.

The judge was acting properly in refusing any offer of substantive testimony for the defence during the cross-examination of the plaintiff and before any opening of the defendant's case. It was in his discretion. *Ellis* v. *Thayer*, 183 Mass. 309. He could not rightly direct a verdict for the defendant, for there was evidence of the contract alleged, of its rescission, of the amount paid in, and of the minority, a *prima facie* case for the plaintiff. *Knudson* v. *General Motorcycles Sales Co. Inc.* 230 Mass. 54. Nor could he give the instructions requested. For reasons already stated, they were inapplicable to the case before the court.

The defendant rested at the close of the plaintiff's case. There was then no evidence before the jury which contradicted the plaintiff's claim. The facts as alleged were practically admitted. The general denial put a burden of proof upon the plaintiff, and although a verdict rarely can be directed in favor of a party who has the burden of proof, *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452, here, however, the judge was justified in the order. *Parsons* v. *New York, New Haven & Hartford Railroad,* 216 Mass. 269.

No argument has been addressed to us in regard to any distinction to be made between the payment of $500 to the defendant and the deposit of $100 to the credit of the partnership. *Dusopole* v. *Manos,* 194 Mass. 355. The trial judge's attention was not called to it. It is not now open to the defendant, and we do not consider it. The order must be

*Exceptions overruled.*