METEOR PRODUCTS COMPANY, INC. *vs.* SOCIÉTÉ D'ELECTRO-CHEMIE ET D'ELECTRO-MÉTALLURGIE, CHARLES HARDY, INC. & another, claimants.

Suffolk. January 5, 10, 1928. — May 26, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Trustee Process,* Adverse claimant. *Evidence,* Presumptions and burden of proof. *Sale,* What constitutes. *Agency,* Existence of relation. *Subrogation. Practice, Civil,* Absentee defendant, Ordering verdict.

At the trial of a claim asserted by an adverse claimant to funds in the possession of an alleged trustee in an action of contract begun by trustee process, where it appears that the trustee by his answer had admitted possession of funds of the defendant, the burden of proof is upon the adverse claimant to establish his claim.

At the trial of a claim by an adverse claimant in trustee process to funds in the possession of the alleged trustee, undisputed documentary evidence showed that the defendant was a French manufacturing corporation with no place of business in this Commonwealth; that the claimant procured for it a letter of credit from a bank in the city of New York, under which, before shipment, the defendant was paid in Paris for goods which it sold to the trustee; that the goods then were shipped by order bill of lading to the bank as consignee, which, upon being paid by the claimant, indorsed and delivered the bill of lading to the claimant. The goods then were delivered to the trustee. There also was oral testimony that the adverse claimant acted, not as purchaser of the goods, but as agent for the defendant. There was no contention that the claimant had been reimbursed. The defendant had made no claim to the funds in the hands of the trustee. A motion by the claimant for a verdict in his favor was denied. *Held,* that

(1) Although the claimant had the burden of proving his claim and the testimony as to his oral contract with the defendant might have been disbelieved, the undisputed documentary evidence established his claim and a verdict should have been ordered in his favor;

(2) In the circumstances, the claimant had a lien on the fund in the possession of the trustee which was superior to rights of an attaching creditor of the defendant;

(3) The claimant was entitled to enforce such lien in this action;

(4) The trustee should be discharged;

(5) The defendant not being subject to service in this Commonwealth and not being shown to have any property here subject to attachment, the action should be dismissed.

CONTRACT, begun by writ of trustee process dated March 6, 1925.

One of the alleged trustees, Central Railway Signal Company, answered that, at the time of the service of the writ upon it, it owed the defendant $14,420. Charles Hardy, Inc., and Associated Metals and Minerals Corporation filed separate claims to the funds in the possession of the trustee in which, in their original form, Charles Hardy, Inc., claimed $10,000 of the funds, and Associated Metals and Minerals Corporation claimed $4,420. By amendments, the adverse claimants in substance averred that Charles Hardy, Inc., claimed the entire fund of $14,420 for itself and for the benefit of the other claimant.

The defendant not being within the Commonwealth, an order of notice by publication issued, and counsel appeared for it "specially for the purpose of objecting to the jurisdiction of this court and Commonwealth over it and for the purpose of protecting such of its property, if any, as may have been reached by attachment herein and not otherwise, without submitting itself generally to the jurisdiction of this court, and for answer to the plaintiff's writ and declaration denies each and every item, allegation and particular therein contained."

The action first was tried in the Superior Court before *Dillon,* J., upon the question of the validity of the claims of the adverse claimants. Material evidence is stated in the opinion. The adverse claimants moved that verdicts be ordered in their favor. The motions were denied. There was a verdict for the plaintiff. The adverse claimants alleged exceptions in a bill called in the opinion the first bill.

A second bill of exceptions, filed by the defendant, related to orders by *Whiting,* J., respecting a trial on the merits

immediately following the trial as to the adverse claims. It was waived by the defendant.

Immediately following the trial of the adverse claims, the action was tried on the merits before *Dillon*, J., and there was a verdict for the plaintiff in the sum of $14,727.27. The defendant, appearing specially, alleged exceptions, which were set out in the third bill of exceptions.

Thereafter a motion by the plaintiff that the trustee be charged upon its answer was heard by *Morton*, J., and was allowed. The adverse claimants alleged exceptions, which were set out in the fourth bill of exceptions.

The case was submitted on briefs.

*Lee M. Friedman, P. D. Turner, & F. L. Kozol,* for the claimants and for the defendant.

*J. N. Welch & R. P. Berle,* for the plaintiff.

CARROLL, J. This action of contract against a corporation which did no business in the Commonwealth was begun by trustee process. No service was made on the principal defendant. The trustee, the Central Railway Signal Company, answered that it had funds, and thereupon Charles Hardy, Inc. and the Associated Metals and Minerals Corporation appeared as claimants. The first bill of exceptions is by these claimants. The second bill of exceptions relates to exceptions taken by the defendant. The third bill has reference to the trial on the merits. The fourth bill concerns the allowance of the motion charging the trustee. The claimants hereinafter will be called Hardy, Inc. It contended that the funds attached belonged to it; on this issue the jury found for the plaintiff. At the trial on the merits the jury returned a verdict for the plaintiff.

The plaintiff's action was to recover for breach of warranty in the sale of sodium cyanide to it by the Société d'Electro-Chemie et d'Electro-Métallurgie, a French corporation, hereinafter called the Société or the French corporation. The trustee purchased potassium perchlorate by two contracts with the Société or its agent, Hardy, Inc. The Société was the manufacturer of chemicals in France and Switzerland. Hardy, Inc., an importer in New York, was given the exclusive sale of the principal defendant's products in the United

States.  According to the arrangement between the Société and Hardy, Inc., the chemicals were to be shipped to a port designated by Hardy, Inc. and invoiced to Hardy, Inc.; that company was "to get the goods at a price cheaper by 4% to which was added an extra ½% for our assuming the financing of the goods."  Hardy, Inc. was to furnish a letter of credit to the Société, on receipt of which and after the Société received payment in France the goods were to be shipped as designated by Hardy, Inc., and the bank in New York which issued the letter of credit was to be named as consignee.  It was not disputed that this course was followed in the shipments to the trustee, and the Société was paid in Paris "under that letter of credit."

The trial judge ruled that the burden of proof was upon the claimant to establish that the funds attached by trustee process belonged to it.  This ruling was right.  *Hubbard* v. *Lamburn*, 189 Mass. 296, 298.  In *Jordan Marsh Co.* v. *Hale*, 219 Mass. 495, 496, the trustee answered no funds. It was there held that the burden was upon the plaintiff to show that the trustee was in possession of funds belonging to the principal defendant.  In the case at bar the trustee admitted it had funds of the principal defendant, and on this ground the cases are distinguishable.

The important question is, To whom did the moneys in the hands of the trustee belong?  This is the question presented by the first bill of exceptions.  Hardy, Inc. and the Société made an oral agreement.  There is no contention that the law of France where the contract was made controls. The jury could find from the testimony of Hardy that the goods were not sold by the Société to Hardy or Hardy, Inc.; that the relation between them was not that of vendor and vendee.  Hardy testified in cross-examination that the corporation, Hardy, Inc., was acting as agent of the French corporation.  It was shown that Hardy, Inc. requested information from the Société by cable as to "How much More may we sell."  The invoices refer to a commission of four and a half per cent.  It also appeared that Hardy, Inc. in its dealings and correspondence purported to act as the agent of the French corporation.  All the acts of the parties

pointed to this and tended to show that Hardy, Inc. was not in fact the purchaser but was the agent of the defendant company. See *Boston & Albany Railroad* v. *New York Central Railroad*, 256 Mass. 600, 609.

It does appear, however, and it is not contradicted, that the French corporation desired to take no credit risk; it wished to be paid in France for all the goods ordered by Hardy, Inc. and it did not intend to look to the customers of Hardy, Inc. for payment. To accomplish this end it was agreed that Hardy, Inc. should obtain the letter of credit; when the French company was paid for the shipment in France by the French bank, that bank was to send the draft with the bill of lading attached to the New York bank issuing the letter of credit, which bank upon receiving payment from Hardy, Inc. or upon its credit, would indorse the order bill of lading to it. This method was pursued in the shipments to the trustee of the goods involved in the transaction in question. The effect of this indorsement of the order bill of lading representing the merchandise was to vest the title and possession to the goods in the Hardy corporation. G. L. c. 106, § 29. G. L. c. 108, §§ 30, 31. *National Wholesale Grocery Co. Inc.* v. *Mann*, 251 Mass. 238, 248. Consol. Laws of New York, Book 40, Per. Prop. §§ 115, 218. Code of Laws, U. S. A. Title 49, §§ 111, 112.

Although Hardy, Inc. was not the purchaser of the merchandise, it has in our opinion established its right to the money in the possession of the trustee; and while a verdict can rarely be directed in favor of the party who has the burden of proof, *Kelly* v. *Halox*, 256 Mass. 5, 9, in the case at bar the plaintiff does not contend that the jury should disbelieve testimony of Hardy as to the nature of the agreement between Hardy, Inc. and the French corporation. See *Parsons* v. *New York, New Haven & Hartford Railroad*, 216 Mass. 269, 273, 274; *Kelly* v. *Halox, supra.* The plaintiff's contention is, in the view of the testimony of Hardy most favorable to it, that the claimant has no right to the fund attached. The documentary evidence, about which there appears to be no dispute, proves that the French corporation has been paid. No contention is made that Hardy, Inc. has been reimbursed,

and the Société has made no claim to the funds in the hands of the trustee. Under these circumstances, where the truth of the documentary evidence is not questioned, a verdict may properly be directed. *Parsons* v. *New York, New Haven & Hartford Railroad, supra. Dean* v. *Boston Elevated Railway,* 217 Mass. 495, 498. *Commonwealth* v. *Kozlowsky,* 238 Mass. 379, 384, 385. *Kelly* v. *Halox, supra.* By virtue of the arrangement between Hardy, Inc. and the defendant company, Hardy, Inc. was to be reimbursed for the payments and had the right to subject the fund to the payment of its debt. This right was "a right in the nature of a lien and enforceable in equity." *Delval* v. *Gagnon,* 213 Mass. 203, 207. Sheldon, Subrogation, (2d ed.) § 10a, note 7. This claim of Hardy, Inc. would be valid against the French corporation and also against the plaintiff, which is claiming as a creditor of the French corporation, that the fund belongs to it. The fact that Hardy, Inc. has or has not the right to sue the purchaser does not affect its right to the fund.

Even if the jury could disbelieve the testimony of Hardy as to the nature of the oral agreement, the documentary evidence, the genuineness of which is not questioned, is of itself sufficient to establish the right of Hardy, Inc. to the funds, good against the French corporation and those claiming under it. These documents show that the letters of credit were issued on application of Hardy, Inc.; that the French corporation was paid for the merchandise by Hardy, Inc.; that Hardy, Inc. secured title to the merchandise by the bank's indorsement of the bill of lading. It therefore had a lien upon the funds and can hold them against the attaching creditor. *McAuliffe & Burke Co.* v. *Gallagher,* 258 Mass. 215, 218. ". . . an equitable lien does not of necessity rest exclusively upon an express agreement. It may arise from circumstances of such nature as to require the presumption upon general considerations of justice as between those conducting commercial transactions according to a reasonable standard of integrity that an equitable lien was meant. . . . If the arrangement between the parties, interpreted in the light of the conditions in which they were placed, indicates a contemporaneous intention to adjust their rights upon a

basis which can be established only by resort to the equitable principle of lien or pledge, then, in the absence of an intervening adversary interest, such an intent will be executed in chancery." *Westall* v. *Wood*, 212 Mass. 540, 544, 545. This language is applicable here. Hardy, Inc. paid for the merchandise; it held the title; in equity it had a lien on the funds and in this action it may assert its equitable rights. *Marvel* v. *Babbitt*, 143 Mass. 226, 227. We do not consider *Dudley* v. *Nickerson*, 214 Mass. 274, applicable to the facts here shown.

The claimants filed motions in writing for a directed verdict; the right to rely on the lien is therefore open. *Proctor* v. *Dillon*, 235 Mass. 538, 540. *Krasnow* v. *Krasnow*, 253 Mass. 528, 529. It follows from this that in the first bill of exceptions, the claimants' exceptions are sustained. The second bill of exceptions is waived. The exceptions in the third bill are sustained and the action of the plaintiff against the defendants is dismissed for want of jurisdiction. *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14. In the fourth bill of exceptions the allowance of the plaintiff's motion to charge the trustee was error; the exceptions of the claimants are sustained and an order is to be entered discharging the trustee.

*So ordered.*