DAVID B. FRYE *vs.* MICHAEL A. YASI.

Middlesex. May 14, 1951. — September 26, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Minor. Partnership,* Minor partner, Partnership or individual transaction. *Contract,* With minor, Parties. *Payment. Evidence,* Presumptions and burden of proof.

A plaintiff was not bound by his own testimony as to the nature of a payment made by him to the defendant where there was testimony more favorable to the plaintiff from other witnesses on that point.

Conflicting evidence in an action by a minor plaintiff warranted findings that, although a partnership existed between the plaintiff and a third person, the defendant, in a transaction wherein he transferred a motor truck by bill of sale to the third person and took the third person's

note and mortgage in part payment of the purchase price and received money from the plaintiff and from the third person for the balance, dealt with them as individuals and not as partners, and that the payment by the plaintiff to the defendant was a separate payment by him as an individual rather than a contribution by him to the partnership for partnership property; and warranted recovery by the plaintiff of the sum which he paid.

CONTRACT. Writ in the Superior Court dated April 7, 1947.

The action was tried before *Hudson*, J.

*W. E. Sisk, R. L. Sisk, & M. P. Lewis,* for the defendant, submitted a brief.

*E. J. Barshak,* for the plaintiff.

COUNIHAN, J. In this action of contract, the plaintiff, a minor, seeks to recover money allegedly paid by him to the defendant on the purchase price of an automobile truck. Under a pre-trial order (Rule 57A of the Superior Court [1932]) it was tried to a jury with another action by the plaintiff against Mario J. Colecchia for money advanced to Colecchia by the plaintiff. At the close of the evidence the judge ruled as matter of law that a partnership existed between the plaintiff and Colecchia and directed the jury to return a verdict for Colecchia in that action. No exceptions to this were taken by the plaintiff. The judge denied a motion for a directed verdict for the defendant Yasi, and he also refused to give the following instructions asked for by him:[1] "2. The plaintiff having advanced money to Mario Colecchia for the purpose of becoming a partner with him, became a full partner and therefore entitled to the rights of a partner in a share of the profits as repayment of the sum advanced, and the plaintiff cannot recover in this action, although he was a minor. 3. The plaintiff having united in a partnership with Mario J. Colecchia has put it out of his power to proceed in this action. 4. The money advanced by the plaintiff to Mario J. Colecchia was not a loan but was paid by the plaintiff to purchase an interest in the business as a partner of Colecchia and the plaintiff, even

---

[1] Hereinafter the word defendant refers to Michael A. Yasi.

though he was a minor, cannot recover in this action."
After the judge's charge he denied a further request for an
instruction to the effect that, because a partnership existed
between the plaintiff and Colecchia, the payment of money
by the plaintiff and Colecchia to the defendant was a part-
nership transaction and that the payment by the plaintiff
to him was made as part of the partnership assets and there-
fore the plaintiff could not recover. The jury returned a
verdict for the plaintiff. The action comes here upon the
exceptions of the defendant to the denial of his motion for
a directed verdict and to the denial of his requests for in-
structions.

All of the requests raise the question whether the court
should order a verdict for the defendant. This question
should be raised by a motion and not by requests. Rule 71
of the Superior Court (1932). We shall therefore consider
only the motion for a directed verdict and disregard the
requests. There was no error in the denial of the motion.

The evidence to support a finding for the plaintiff may
be summarized as follows: The plaintiff was born on Sep-
tember 25, 1926, and was therefore a minor on or about
October 24, 1946, when he made an oral agreement to go
into the business of hauling gravel as a full partner with
Colecchia and they agreed to buy an automobile truck for
this purpose. On October 30, 1946, in Salem they met the
defendant, who owned the truck they wanted to buy.
Colecchia introduced the plaintiff to the defendant as his
partner. The defendant drove them to Lynn in his auto-
mobile to see the truck and showed Colecchia how to oper-
ate the hoist on the truck. On the return trip the defendant
pulled his automobile to the side of the road and parked
there. While so parked he said he wanted $2,750 for the
truck, of which $1,300 was to be in cash and $1,450 by a
note payable in instalments and secured by a mortgage on
the truck. Thereupon the plaintiff gave the defendant
eight $100 bills and Colecchia gave him five $100 bills which
the defendant put in his pocket. The defendant then asked
them if they were of age and the plaintiff replied that he

was "only twenty years old." The defendant then said that the plaintiff could sign no papers and that from then on he would do business with Colecchia only. The defendant returned no money to the plaintiff. They all went to the office of the attorney for the defendant where a bill of sale of the truck was given to Colecchia, who executed and delivered the note for $1,450 and the mortgage on the truck to the defendant.

Colecchia testified that he introduced the plaintiff to the defendant but he did not testify that he introduced him as his partner. In other respects he corroborated the testimony of the plaintiff as to the payment of the $800 and the discussion about the age of the plaintiff.

The defendant on the other hand insisted in his testimony that all of his dealings with reference to the purchase of the truck were with Colecchia; that he met Colecchia by prearrangement on October 30, 1946, and showed him how to operate the hoist; that the terms of purchase had been agreed upon between him and Colecchia; that Colecchia gave him $1,300 in cash; and that the balance of $1,450 was by a note and mortgage signed and executed by Colecchia. He denied any talk about ages between him, Colecchia and the plaintiff. He further testified that he was never introduced to the plaintiff, that he did not know his name until he received a letter repudiating the payment of money by the plaintiff and demanding the return of it, and that Colecchia told him that the plaintiff was a "buddy" of his who came along to help put some stuff on the truck.

It was not disputed that the partnership lasted only two or three months, when the truck was sold for the amount of the notes due. Both partners lost all the money they put into the partnership.

There are few cases in Massachusetts bearing on the right of avoidance of contracts by a minor partner, and none exactly in point has been brought to our attention. There has been discussion of the rights and obligations of a minor partner in cases like *Moley* v. *Brine,* 120 Mass. 324, *Page* v. *Morse,* 128 Mass. 99, *Pelletier* v. *Couture,* 148

Mass. 269, *Dusopole* v. *Manos*, 194 Mass. 355, and *Kelly* v. *Halox*, 256 Mass. 5. Compare *Godfrey* v. *Mutual Finance Corp.* 242 Mass. 197, 200. Enough has been said in these decisions to indicate that the principles of law applicable to the present situation are well settled in our Commonwealth.

The general rule is that contracts of minors are voidable at the option of the minor in accordance with the policy of the law to afford protection to minors from their own improvidence and want of sound judgment. *McCarthy* v. *Henderson*, 138 Mass. 310. *Morse* v. *Ely*, 154 Mass. 458. *Tracy* v. *Brown*, 265 Mass. 163. *Welch* v. *King*, 279 Mass. 445. *Adamowski* v. *Curtiss-Wright Flying Service, Inc.* 300 Mass. 281. See *Slayton* v. *Barry*, 175 Mass. 513; *Brooks* v. *Sawyer*, 191 Mass. 151. The rule applies even if the minor enters the business field. *White* v. *New Bedford Cotton Waste Corp.* 178 Mass. 20. *Gillis* v. *Goodwin*, 180 Mass. 140. *Simpson* v. *Prudential Ins. Co.* 184 Mass. 348.[1] *Godfrey* v. *Mutual Finance Corp.* 242 Mass. 197. Ordinarily one deals with a minor at his peril.

There have been a few exceptions to the general rule concerning a minor's avoidance of contracts, all of which are based upon some ground of public policy. See cases cited in *J. G. Pierce Co.* v. *Wallace*, 251 Mass. 383, at page 384; Williston, Contracts (Rev. ed.) § 228.

The defendant seeks to come within another exception to the general rule. That exception is that if the contract is one of a partnership of which the minor is a partner, the minor's interest in the funds of the partnership is said to be subject to the claims of firm creditors. See *Kelly* v. *Halox*, 256 Mass. 5, 8, and cases there cited. But, as that case pointed out, neither there nor in the cases cited therein were involved issues between a firm creditor and a minor partner, and so none of the cases is full authority for the proposition stated therein.

It has been generally accepted that the reason behind the

---

[1] Modified by G. L. (Ter. Ed.) c. 175, § 128.

claimed exception is that when third parties deal with a firm they rely upon the firm assets, and there arise therefrom considerations of public policy which are different from those which arise from personal and direct transactions with a minor. This exception favors stability of commercial transactions involving assets of a partnership, of which a minor is a member, over the minor's personal power of avoidance. It is generally held that in any event this exception to the minor's power of avoidance should be limited. Williston, Contracts (Rev. ed.) § 229. 40 Harv. L. Rev. 472, 473. 11 Col. L. Rev. 468, 470.

The defendant relies upon what Professor Williston says in § 229: "So far as his own personal liability is concerned, an infant may also avoid partnership obligations to creditors and other persons who have contracted with the firm, but the capital actually contributed to the firm business by the infant partner is so far dedicated to the business of the partnership that it cannot be withdrawn until the claims of firm creditors are satisfied; and a fortiori if a firm transaction has been executed by the payment of firm money the infant cannot reclaim the money or any part of it," citing *Kuehl* v. *Means*, 206 Iowa, 539, and *Latrobe* v. *Dietrich*, 114 Md. 8. The defendant also relies upon *Shirk* v. *Shultz*, 113 Ind. 571, but in all of these cases it was admitted that firm dealings were involved.

In the instant case there was a question on the evidence as to whether or not the defendant had dealings with the firm. The defendant himself disclaimed dealings with anyone but Colecchia personally.

The plaintiff testified in cross-examination that he and Colecchia were partners; that he and Colecchia put up $1,300 by way of an initial investment in this partnership, of which he paid $800 which he turned over directly to the defendant as part of the purchase price of the truck; that the money he paid the defendant was part of his contribution to the partnership; and that the truck was partnership property. The plaintiff is not bound by this testimony for the rule is that a "plaintiff is bound by his own testimony

adverse to him only in so far as it is not contradicted by favorable evidence from some other source." *Duff* v. *Webster*, 315 Mass. 102, 103. See *Mazzaferro* v. *Dupuis*, 321 Mass. 718, 719. Here there was evidence both from the defendant and from Colecchia more favorable to the plaintiff than some of the evidence which came from the plaintiff as to whether or not the defendant had dealings with the firm.

The manner in which the plaintiff paid the money to the defendant in this case was based entirely on oral evidence, and it was for the jury to determine whether or not the money was paid by the plaintiff personally or by the plaintiff as a partner out of partnership assets. "The evidence considered as a whole was open to more than one conclusion and the question of what findings ought to be made upon it was for the jury." *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163, 166.

Even if the jury believed that the defendant knew of the partnership, that would not preclude a finding that the defendant dealt with the partners individually and not as a firm. In view of the defendant's own testimony, the jury were warranted in finding that the defendant did not deal with the firm and that no partnership assets were involved.

What we have said also disposes of the argument of the defendant that, because the judge ruled that a partnership existed between the plaintiff and Colecchia, it was error to submit this case to the jury. There is nothing inconsistent in parties, who are partners in other respects, contracting jointly or as individuals only.

The subterfuge of having only Colecchia sign the note and mortgage is harmful rather than helpful to the defendant's position. It is indicative of a conscious scheme by the defendant to try to prevent the plaintiff asserting his avoidance of the payment.

The defendant here seeks to escape liability under an exception to a minor's privilege of avoidance of a contract. On the evidence the jury could warrantably find that the defendant was dealing, not as an outsider with the firm, but face to face with the individuals comprising the partnership,

that he accepted separate moneys of the plaintiff and Colecchia, that there was no reliance on established firm assets, that he knew he was dealing with a minor, and that he purposely schemed to avoid the consequences.

The plaintiff in his declaration sought to recover money which he, a minor, paid the defendant. The answer was a general denial. At the trial, without objection, the defendant introduced evidence seeking to establish the exception to the general rule concerning avoidance of a minor's contract which we have discussed herein. The question as to whether or not this exception should have been pleaded as an affirmative defence was not raised or argued by the plaintiff. See *Kelly* v. *Halox*, 256 Mass. 5, 9. Inasmuch as we have decided the case upon other grounds we do not consider this question of pleading or intimate what the result would be if we were required to consider it.

*Exceptions overruled.*