F. P. BATTERY RESEARCH CORPORATION *vs.* MAJOR MACHINE CORP. May 1, 1961.    Exceptions overruled.    In this action of contract, originally in several counts which were reduced by waiver after trial without jury to one count based on an oral contract, the defendant excepts to (1) the dispositions of requests for rulings, (2) rulings on evidence, and (3) the denial of a motion for new trial on the ground of newly discovered evidence.    A general finding for the plaintiff was based on considerable written and oral evidence which we have examined.    It is not a case where the documentary evidence is conclusive.    See *Meteor Prod. Co. Inc.* v. *Société d'Electro-Chemie et d'Electro-Métallurgie,* 263 Mass. 543, 547–548, and cases cited.    On a reasonable view of the evidence, including rational inferences therefrom, the finding for the plaintiff was at least permissible.    *Bowers* v. *Hathaway,* 337 Mass. 88, 89.    (1) The exceptions to rulings fail because they were (a) directed to counts which were waived after the requests were filed, or (b) based on a specific fact expressly not found by the judge, or (c) requests for findings of fact, or (d) concerned with the legal effect of a portion of the evidence, or (e) not argued. (2) We perceive no error in the rulings on evidence and especially on matters relating to the count on which recovery was based.    (3) The denial of the motion for a new trial on the ground of newly discovered evidence was not erroneous.    The judge's discretion was soundly exercised for the reasons stated in *Sharpe, petitioner,* 322 Mass. 441, 444, and *DeLuca* v. *Boston Elev. Ry.* 312 Mass. 495, 497, and cases cited.

*Benjamin Goldman,* (*Shirley D. Bayle* with him,) for the defendant.
*Joseph R. Nolan,* for the plaintiff.

JOHN TURNER & another *vs.* NORMAN ESTABROOKS & another.    June 5, 1961.    Exceptions overruled.    In this action of tort the plaintiffs are a minor and his father.    The defendants are likewise a minor and his father. The minor plaintiff was hurt by a tractor operated by the minor defendant and owned by his father.    The plaintiff father seeks consequential damages.    At the time the minors were about fourteen years of age and were friends.    The judge directed verdicts for the defendants.    The plaintiffs concede that there was no evidence of gross negligence.    They rely upon such cases as *Taylor* v. *Goldstein,* 329 Mass. 161, and urge that the minor plaintiff was an invitee, as he was present for the purpose of conferring a benefit in the performance of something in which the defendants had an interest.    There was no error.    It could not have been found that the minor plaintiff was other than a social guest not entitled to recover for ordinary negligence.    The case is governed by such cases as *Comeau* v. *Comeau,* 285 Mass. 578, *O'Brien* v. *Shea,* 326 Mass. 681, and *Pandiscio* v. *Bowen, ante,* 435.

*Cortland A. Mathers,* for the plaintiffs, submitted a brief.
*Albert C. Doyle,* for the defendants.