*Western District*
#171870
## BALISE MOTOR SALES COMPANY
v.
## ALBERT MASON, d/b/a
## MASON'S JUNK YARD
Argued: January 16, 1967    Decided: March 7

*Present:* Garvey, P. J.; Levine, J., Allen, J.

Tried to: *Sloan, J.* in the District Court of Springfield
No: 171870

ALLEN, J. This is a contract action to recover money alleged to be due for automobiles sold and delivered by the plaintiff to the defendant. There was a finding for the plaintiff.

The denial of seven of the defendant's requests for rulings of law, raised the issue of whether the evidence warranted a finding for the plaintiff.

The plaintiff's sales manager testified the plaintiff sold the defendant as many as twenty to thirty cars a month, largely junk cars, some paid for by checks, some on open account. The plaintiff's office manager testified that she was in charge of its records. Introduced in evidence was a ledger card showing charges, payments and credits on the defendant's account covering the period from July 22, 1960 to November 1, 1962 which showed a balance due in the amount of the finding. She testified if money was received at the time the unit was picked up the sale was "put through as a cash payment and would not be posted on the card." The defendant introduced no evidence.

"The general finding imports finding of subsidiary facts and the drawing of all rational inferences essential to that conclusion. That

finding must stand if permissible upon any reasonable view of the evidence." *Kennedy Bros. Inc.* v. *Bird,* 287 Mass. 477, 488. *F. P. Battery Research Corporation* v. *Major Machine Corp.,* 342 Mass. 780. *Bowers* v. *Hathaway,* 337 Mass. 88, 89. *Battro* v. *Watertown Square Theater, Inc.,* 209 Mass. 223, 224.

██ "Evidence of sale and delivery . . . might make a *prima facie* case." *Zoller* v. *Morse,* 130 Mass. 267, 268. From the dates, invoice numbers, charges, credits and balance shown on the ledger covering the period from July 22, 1960 to November 1, 1962, the judge could infer orders for and acceptance of the goods. *W. W. Britton Inc.* v. *S. M. Hill Co.,* 327 Mass. 335, 338. *Scott* v. *Dedham Water Co.,* 224 Mass. 398, 400. *Day* v. *Caton,* 119 Mass. 513, 515.

██ Having accepted the goods with knowledge of the terms, the buyer must be held to have accepted those terms. *Wessinger* v. *H. Werner Sons Co.,* 340 Mass. 102, 105. *Hobbs* v. *Massasoit Whip Co.,* 158 Mass. 194, 197.

No evidence having been introduced by the defendant to rebut the plaintiff's *prima facie* case, the judge's finding was warranted and his action on the defendant's requests correct.

**The report is to be ordered dismissed.**

Louis Kerlinsky
for the defendant

Gerald A. Kagan
for the plaintiff