BOSTON EDISON COMPANY vs. PAULINE A. FORBES & others. March 4, 1976. The plaintiff's appeal from the order allowing the defendants' motion for jury issues in so far as it related to the question whether there was an encroachment is without merit, as the record discloses no error of law or abuse of discretion in that branch of the case. See *Kozlowski* v. *Golis,* 2 Mass. App. Ct. 797 (1974). Compare *Boston* v. *Santosuosso,* 307 Mass. 302, 323-324 (1940). The most damaging testimony given by Forbes at the jury trial about the activities of the survey

crew in 1959 was in response to questions not objected to individually but subject only to general "exceptions" to "this line of questioning," which bring nothing to this court (see *Commonwealth* v. *Hinckley,* 1 Mass. App. Ct. 195, 198-199 [1973]; *Commonwealth* v. *Morrison,* 1 Mass. App. Ct. 632, 636, & fn.3 [1973]); the testimony on that subject elicited by questions to which valid objections were made was cumulative or otherwise harmless to the plaintiff (compare *Vernazzarro* v. *A.A. Will Corp.* 2 Mass. App. Ct. 885 [1974]). The only stated ground for the plaintiff's objection to the introduction of the sketch in evidence and exception to its admission as exhibit 11 was that it was "not stamped by Mr. Forbes"; that ground (understandably) is not now pressed, and we do not consider the other grounds for exclusion now urged in the plaintiff's brief on appeal. *Kagan* v. *Levenson,* 334 Mass. 100, 107 (1956). The questions put to Forbes regarding the supposed starting point of the center line were properly excluded, as Forbes had unequivocally testified that he had no personal knowledge whether there was such a starting point and the plaintiff's counsel ignored the trial judge's suggestion that the questions be asked in hypothetical form. See Leach & Liacos, Massachusetts Evidence, 100-101 (4th ed. 1967), and cases cited. The plaintiff's motion for a directed verdict and the first of its "requests for rulings of law" (which was equivalent to a motion for a directed verdict) were correctly denied, because the case was not one in which the defendants offered no evidence contradicting the plaintiff's claim (contrast *Kelly* v. *Halox,* 256 Mass. 5, 9 [1926]), or one in which the plaintiff's documentary evidence as to the location of the boundary line was unambiguous (compare *Jones* v. *Gingras,* 3 Mass. App. Ct. 393, 397 [1975]) or conclusive (see *F.P. Battery Research Corp.* v. *Major Mach. Corp.* 342 Mass. 780 [1961]; contrast *Meteor Prod. Co. Inc.* v. *Société d'Electro-Chemie et d'Electro-Métallurgie,* 263 Mass. 543, 547-548 [1928]). If the plaintiff's request numbered two be interpreted as one for an instruction limiting the purpose for which the jury might consider exhibit eleven, the request was properly denied for the reason that no limiting instruction was sought by the plaintiff at the time the exhibit was introduced in evidence. See *Solomon* v. *Dabrowski,* 295 Mass. 358, 359-360 (1936). And if the request was filed in an attempt to have the judge comment on a portion of the evidence, the judge was not required to grant it. *Sullivan* v. *John Hancock Mut. Life Ins. Co.* 342 Mass. 649, 657 (1961).

*Order on motion for jury
issues affirmed.
Judgment affirmed.*

*Frank B. Frederick (John F. Drum* with him) for the plaintiff.
*Jack J. Moss* for the defendants.