NORMAN W. KENNY & others *vs.* I. FRED DiCENSO & another. July 16, 1980. The plaintiffs, who seek to recover a broker's commission in connection with the sale of the defendants' real estate, claim to be aggrieved by the direction of verdicts for the defendants. It was error to direct the verdicts.

We apply the settled rule that a verdict should not be directed if "anywhere in the evidence, from whatever source derived, any combination of

circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff." *Raunela* v. *Hertz Corp.*, 361 Mass. 341, 343 (1972). There was evidence that the plaintiffs' production of the buyer, as a lessee in the first instance, was "the operating and efficient cause" of the subsequent sale. *Smith* v. *Kimball*, 193 Mass. 582, 585 (1907). There was evidence from which the jury could have found that the defendants had sold the property "behind the back of the broker," *Holton* v. *Shepard*, 291 Mass. 513, 522 (1935), and that they had done so in bad faith for the purpose of depriving the plaintiffs of a commission. See *Sherman* v. *Briggs Realty Co.*, 310 Mass. 408, 414 (1941). It was not necessary for the plaintiffs to be present at the sale or for the terms of the sale to be the same as those originally given to the plaintiffs. *Siegel* v. *Lowe*, 327 Mass. 154, 155 (1951). That title was taken in the name of a realty trust, the trustees of which were the principals of the corporation which was the plaintiffs' customer, cannot defeat the plaintiffs' right to a commission. See *Thornton* v. *Forbes*, 326 Mass. 308, 311-312 (1950).

The defendants have argued the applicability of *Creed* v. *Apog*, 6 Mass. App. Ct. 365 (1978), modified on another point, 377 Mass. 522 (1979). *Creed's* teaching is that when an agreement between a broker and his principal is clear and unambiguous as to the principal's duty to compensate, the parties are bound by the agreement and the broker may not recover without a showing of compliance with its terms. *Creed* v. *Apog*, 6 Mass. App. Ct. at 372-373. *Creed* is inapposite because in the instant case the agreement is silent as to the right of the plaintiffs to a commission if the lessee should purchase the property in circumstances not provided for by the terms of the agreement or of the lease to which the agreement refers.

There was no error in the denial of the plaintiffs' motion for directed verdict. *Boston Edison Co.* v. *Forbes*, 4 Mass. App. Ct. 787, 788 (1976). It is regrettable that the judge did not take the more cautious approach of giving the case to the jury and then, if necessary, entering judgment notwithstanding the verdict. Mass.R.Civ.P. 50 (b) 365 Mass. 814-815 (1974). See *Soares* v. *Lakeville Baseball Camp, Inc.*, 369 Mass. 974, 975 (1976). The time and expense of a new trial could have been avoided.

*Judgment reversed.*

*Timothy H. Donohue* for the plaintiffs.
*Oren N. Sigal* for the defendants.